EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Elga Ross Valedón, por sí y en representación de Celián Esther Quintero Ross<br><br>Peticionaria<br><br>v.<br><br>Hospital Dr. Susoni Health Community Services, Corp. y otros<br><br>Recurridos | Certiorari<br><br>2024 TSPR 10<br><br>213 DPR ___ |

Número del Caso: CC-2023-0257

Fecha: 7 de febrero de 2024

Tribunal de Apelaciones:

    Panel II

Abogados de la parte peticionaria:

    Lcdo. Manuel Martínez Umpierre
    Lcdo. Joaquín Martínez García

Abogados de la parte recurrida:

    Lcdo. José O'Neill Font
    Lcdo. Reinaldo Calderón Jiménez
    Lcdo. Miguel De Ayala Hellman

Materia: Procedimiento Civil – Curso de acción del tribunal ante una solicitud de desistimiento presentada luego de transcurrir el término de 120 días para diligenciar el emplazamiento; y comienzo del término prescriptivo interrumpido por la reclamación judicial.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Elga Ross Valedón, por sí y en representación de Celián Esther Quintero Ross<br><br>Peticionaria<br><br>v.<br><br>Hospital Dr. Susoni Health Community Services, Corp. y otros<br><br>Recurridos | CC-2023-0257 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 7 de febrero de 2024.

Este caso nos exige instrumentar el curso de acción que deben seguir los tribunales cuando una parte demandante presenta una acción judicial y no diligencia los emplazamientos dentro del término de 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil de 2009, infra. Además, nos requiere dejar claro cuándo comienza a transcurrir nuevamente el término prescriptivo interrumpido ante una reclamación judicial que posteriormente es desestimada y archivada sin perjuicio por no haberse emplazado dentro del plazo antes aludido.

Expuesta la médula de la controversia, procedo a exponer los antecedentes fácticos que la originaron.

I

El 19 de febrero de 2021, la Sra. Elga Ross Valedón (señora Ross Valedón o Peticionaria) presentó, por derecho propio, una primera Demanda de daños y perjuicios en contra del Hospital Metropolitano Dr. Susoni, el Hospital Pavía Arecibo y ciertos doctores (en conjunto, Recurridos). En esencia, alegó que los Recurridos le brindaron a su ahora fenecida hija un tratamiento médico negligente, razón por la cual reclamó una compensación por los daños sufridos. Ese mismo día, el Tribunal de Primera Instancia expidió los emplazamientos, mas estos no fueron diligenciados dentro del término de 120 días —esto es, al 19 de junio de 2021—, tal y como es exigido por la Regla 4.3(c) de Procedimiento Civil de 2009, infra. Así las cosas, el 22 de junio de 2021, el foro primario ordenó a la señora Ross Valedón a que mostrara causa por la cual no debía desestimar el pleito por no haberse emplazado en el plazo requerido. En respuesta, la Peticionaria presentó una Moción solicitando desistimiento. Consecuentemente, el 1 de noviembre de 2021, el Tribunal de Primera Instancia notificó una Sentencia mediante la cual declaró con lugar el desistimiento sin perjuicio.

Posteriormente, el 8 de septiembre de 2022, la señora Ross Valedón presentó una segunda Demanda esencialmente idéntica a la formulada originalmente. En lo pertinente, adujo que el término prescriptivo para incoar la acción judicial fue interrumpido con la presentación de la primera Demanda e, indirectamente, estimó que este comenzó a

transcurrir nuevamente el 1 de noviembre de 2021, fecha en la que el foro primario concedió vía Sentencia el desistimiento sin perjuicio.

En reacción, varios de los Recurridos presentaron sendas mociones de desestimación por prescripción bajo el raciocinio de que la fecha límite para la presentación de la demanda era el 19 de junio de 2022, un año después de que venció el término de 120 días para diligenciar los emplazamientos en la primera Demanda. Al respecto, abundaron en que el plazo debía contarse desde ese momento pues, de conformidad con la Regla 4.3(c) de Procedimiento Civil de 2009, infra, y su jurisprudencia interpretativa, una vez se incumple con el diligenciamiento oportuno de los emplazamientos procede automáticamente la desestimación de la causa de acción.

Por su parte, la señora Ross Valedón se opuso al alegar que la fecha a tomarse en consideración no podía ser aquella en que venció el término para emplazar. En esa línea, reiteró que el término prescriptivo debía contarse desde el 1 de noviembre de 2021 —fecha en que se notificó la Sentencia en la Demanda original—, y no desde que expiró el plazo para diligenciar los emplazamientos en cuestión.

Trabada así la controversia, el 25 de enero de 2023, el Tribunal de Primera Instancia emitió una Resolución mediante la cual denegó las mociones de desestimación presentadas por los Recurridos. El foro primario arribó a esta determinación luego de concluir que, acorde con lo dispuesto en la Regla

4.3(c) de Procedimiento Civil de 2009, <u>infra</u>, y a tono con lo resuelto en <u>Bernier González v. Rodríguez Becerra</u>, infra, la desestimación de una causa de acción por no haberse emplazado dentro del término de 120 días requiere la intervención de la jueza o el juez que preside la causa. Acto seguido, ordenó el comienzo del descubrimiento de prueba.

Inconformes, el 17 de febrero de 2023, los Recurridos acudieron al Tribunal de Apelaciones y plantearon que el foro primario erró al concluir que era necesaria la intervención del tribunal decretando la desestimación por falta de emplazamiento para que comenzaran a decursar nuevamente los términos prescriptivos que habían sido interrumpidos con la presentación de la primera acción judicial. La señora Ross Valedón se opuso a la expedición del recurso.

Así las cosas, el Tribunal de Apelaciones revocó la <u>Resolución</u> recurrida tras precisar que, toda vez que la Peticionaria no emplazó a los Recurridos al 19 de junio de 2021, el foro primario debió desestimar la <u>Demanda</u> en esa misma fecha automáticamente. Además, razonó que la orden de mostrar causa emitida por el foro primario tuvo el efecto indebido de prorrogar el término de 120 días para emplazar, en contravención a lo dispuesto en la Regla 4.3(c) de Procedimiento Civil de 2009, <u>infra</u>, y lo resuelto por este Tribunal en <u>Bernier González v. Rodríguez Becerra</u>, infra. Debido a lo anterior, concluyó que el término prescriptivo

para presentar nuevamente la causa de acción comenzó a decursar el 19 de junio de 2021 y, por tanto, venció el 19 de junio de 2022. Fundamentado en lo anterior, desestimó por prescripción la segunda Demanda. La Peticionaria solicitó reconsideración, mas esta fue declarada sin lugar.

En desacuerdo, la señora Ross Valedón acude ante nos y señala que el Tribunal de Apelaciones erró al interpretar que la Regla 4.3(c) de Procedimiento Civil de 2009, infra, y nuestro precedente de Bernier González v. Rodríguez Becerra, infra, viabilizan que un caso se presuma automáticamente desestimado una vez la parte demandante incumple con diligenciar los emplazamientos. Esto tendría la consecuencia de que se determine que es desde ese momento que debe comenzar a decursar nuevamente el término prescriptivo que se tuvo por interrumpido tras la presentación de la demanda original.

Expedido el recurso de certiorari y evaluados los argumentos de ambas partes, procedemos a resolver el asunto, no sin antes repasar el Derecho aplicable que gobierna esta controversia.

## II

Como se sabe, el emplazamiento es el mecanismo procesal a través del cual se le informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra y se le requiere comparecer para formular la alegación que

corresponda.[1] Es mediante el emplazamiento que se adquiere jurisdicción sobre la persona del demandado; de ahí la importancia de que este se lleve a cabo conforme a Derecho.[2]

La Regla 4 de Procedimiento Civil de 2009, 32 LPRA Ap. V, es la que regula el proceso y las formalidades del emplazamiento en los pleitos civiles. En cuanto al término para diligenciarlos y la consecuencia de no hacerlo dentro del plazo establecido, la Regla 4.3(c) de Procedimiento Civil, supra, establece que:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga.
>
> **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo** sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[3]

---

[1] Rivera Marrero v. Santiago Martínez, 203 DPR 462, 480 (2019).

[2] Sánchez Rivera v. Malavé Rivera, 192 DPR 854, 869 (2015).

[3] Se advierte que se optó por separar la disposición antes reseñada con el propósito exclusivo de ilustrar una mejor comprensión de lo expuesto.

En <u>Bernier González v. Rodríguez Becerra</u>, 200 DPR 637 (2018), este Tribunal tuvo la oportunidad de interpretar la primera parte de esta disposición, aquella relacionada con el término para el diligenciamiento. A esos efectos, se estableció que "una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia est[á] obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna". Íd., pág. 651. **Nótese cómo lo dispuesto en torno a la desestimación automática se relacionó con la no concesión de prórroga alguna, sin más.**

Posteriormente, este Tribunal ha atendido varias controversias relacionadas con el término para emplazar, a saber: <u>Sánchez Ruiz v. Higueras Pérez et al.</u>, 203 DPR 982 (2020) (resolviéndose que el término para emplazar se restablece cuando el demandante inicialmente solicita emplazar personalmente, pero luego requiere la autorización del tribunal para emplazar mediante edicto); <u>Primera Cooperativa v. Hernández Hernández</u>, 205 DPR 624 (2020) (aclarándose que el incumplimiento con la notificación-citación a la parte demandada en un procedimiento bajo la Regla 60 no conlleva la desestimación automática de la reclamación); <u>Pérez Quiles v. Santiago Calderón</u>, 206 DPR 379 (2021) (ilustrándose que el término de 120 días para diligenciar un emplazamiento comienza a transcurrir desde que el tribunal lo expide); <u>Caribbean Orthopedics v. MEDSHAPE et al.</u>, 207 DPR 994 (2021) (precisándose las consecuencias

de la omisión de la fecha de publicación del emplazamiento por edicto y los efectos de una enmienda a un emplazamiento por edicto dentro del término reglamentario); Martajeva v. Ferre Morris y otros, 210 DPR 612 (2022) (reafirmándose que el término para diligenciar el emplazamiento queda en suspenso desde el momento en que se detienen los procedimientos mientras la parte demandante no residente presta la fianza).

Como vemos, ni en Bernier González v. Rodríguez Becerra, supra, así como tampoco en la jurisprudencia posterior relacionada con el mecanismo de los emplazamientos, hemos interpretado la segunda parte de la Regla 4.3(c), supra, la cual establece el efecto dispositivo que tendrá en la demanda presentada la falta de diligenciamiento de los emplazamientos dentro del plazo establecido. **Nos corresponde hoy hacerlo.**

**III**

Según adelantamos, la controversia ante nuestra consideración exige establecer cómo deben proceder los tribunales cuando la parte demandante incumple con el diligenciamiento de los emplazamientos dentro del término de 120 días establecido en la Regla 4.3(c) de Procedimiento Civil, supra.

En el caso de autos, el 19 de junio de 2021, expiró el término sin que la señora Ross Valedón, quien tramitaba su causa por derecho propio, diligenciara los emplazamientos en la Demanda original. Dado lo anterior, el 22 de junio de

2021, el foro primario prontamente emitió una orden para que la Peticionaria mostrara causa por la cual no debía desestimarse la demanda por no haber emplazado dentro del término exigido por la Regla 4.3(c) de Procedimiento Civil, supra. Ante ello, la señora Ross Valedón solicitó desistir sin perjuicio de la reclamación y así fue concedido por el Tribunal de Primera Instancia mediante una Sentencia notificada el 1 de noviembre de 2021.

Consecuentemente, el 8 de septiembre de 2022 —esto es, dentro del término de un (1) año de advenir final y firme la Sentencia antes aludida—, la señora Ross Valedón presentó una segunda Demanda en contra de los Recurridos por los mismos hechos y causas de acción que en el pleito original. En lo pertinente, adujo que el término prescriptivo de un (1) año quedó interrumpido tras la presentación de la primera Demanda y comenzó a transcurrir nuevamente en la fecha en que le fue concedido el desistimiento. Por otra parte, los Recurridos solicitaron la desestimación de esta segunda Demanda por razón de que, a su juicio, estaba prescrita. Para ello, consideraron como punto de partida el 19 de junio de 2021, fecha en la que venció el término de 120 días para diligenciar los emplazamientos.

Correctamente, el Tribunal de Primera Instancia denegó las desestimaciones peticionadas. Empero, el Tribunal de Apelaciones revocó esta determinación tras acoger la teoría de que la segunda Demanda estaba prescrita. Para arribar a tal conclusión, el foro apelativo intermedio utilizó como

fecha determinante el 19 de junio de 2021, día límite para el diligenciamiento de los emplazamientos. Hizo lo anterior bajo el fundamento de que una vez venció ese término, el foro primario venía obligado, automáticamente, a desestimar sin perjuicio la primera Demanda. **Resolvió esto a pesar de que en esa fecha el tribunal ni tan siquiera había emitido una sentencia decretando la desestimación y archivo sin perjuicio.**

Como veremos, el Tribunal de Apelaciones erró al interpretar que la fecha de activación de la prohibición de prorrogar el término para emplazar es la misma para fines de interrumpir el término prescriptivo.

De entrada, resulta apropiado acentuar que esta controversia no ha sido atendida expresamente por este Tribunal. Si bien en Bernier González v. Rodríguez Becerra, supra, se dispuso que "una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia est[á] obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna", **<u>surge diáfanamente que las expresiones antes aludidas se sujetaron al contexto de que los tribunales no pueden concederle al demandante una prórroga sobre el término de 120 días dispuesto para diligenciar los emplazamientos</u>**. Sin embargo, nada se concluyó con respecto al accionar de los tribunales en este tipo de casos y, mucho menos, sobre desde qué momento es que computará nuevamente el término prescriptivo que quedó

interrumpido tras la interposición de la reclamación judicial inicial.

Según expusimos, el lenguaje en controversia relacionado con la Regla 4.3(c) de Procedimiento Civil, <u>supra</u>, dispone, en lo pertinente, lo siguiente:

> Transcurrido dicho término sin que se haya diligenciado el emplazamiento, **el tribunal deberá dictar sentencia decretando la desestimación y archivo** sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[4]

Como vemos, de la propia Regla 4.3(c), <u>supra</u>, se desprende claramente que la desestimación aludida cobra eficacia en aquella instancia en la que el demandante no diligenció los emplazamientos dentro del término de 120 días. No obstante, enfatizamos que eso no significa que desde el momento en que no se emplazó la acción se desestima por sí sola, ya que es claro que es indispensable la intervención judicial así dictaminándolo. Dicho de otro modo, la desestimación y el archivo sin perjuicio contenidos en la regla antes aludida exige necesariamente que el foro judicial en cuestión emita la correspondiente sentencia con esa finalidad.[5]

_____

[4] (Negrilla y énfasis suplido). Íd.

[5] Hacemos hincapié en que la intervención judicial en estos escenarios se acuñó con la aprobación de las Reglas de Procedimiento Civil de 2009. Ello, pues, mediante las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III, y la Ley Núm. 17-2009, se disponía que, una vez transcurrido el término sin que los emplazamientos hubieren sido

**En consecuencia, <u>hoy pautamos</u> sin ambages que ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar <u>prontamente</u> una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial. Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, <u>supra</u>, corresponde poner en vigor los efectos de esta y decretar la desestimación sin perjuicio, en lugar de dar por desistido el asunto.** Lo contrario —esto es, permitir el desistimiento sin perjuicio—, podría dar paso a que en el supuesto de que se presente una segunda reclamación sobre los mismos hechos y se incumpla nuevamente con la regla precitada, tal desestimación no sea con perjuicio, ya que el pleito original no se desestimó, sino que se entendió desistido sin perjuicio. Rechazamos tal pretensión, pues, sería improcedente permitir que una parte que falló en diligenciar los emplazamientos pueda desistir del pleito y, con ello, se escude de los efectos de su incumplimiento. **En su lugar, reafirmamos que desistir de un pleito sin la autorización del tribunal no está disponible cuando tal petitorio se realiza luego de haber incumplido con la Regla 4.3(c) de Procedimiento Civil, <u>supra</u>.** Al realizar esta interpretación, descartamos expresamente la pretensión de que, ante el incumplimiento con el diligenciamiento de los

---

diligenciados, se tendría a la parte actora por desistida, con perjuicio.

emplazamientos en el término concebido, la causa de acción queda desestimada automáticamente sin que sea necesaria la intervención de los tribunales.

Ciertamente, lo anterior reconoce que, en el ejercicio de su sana discreción y previo a dictar sentencia desestimando y ordenando el archivo sin perjuicio, los tribunales deben realizar aquellas gestiones conducentes a cerciorarse de si, en efecto, el emplazamiento fue o no diligenciado dentro del término en cuestión. Tal y como sucedió en el caso de autos, esa gestión podría materializarse, por ejemplo, mediante la emisión de una orden de mostrar causa.

La emisión de una orden de mostrar causa a esos fines podría generar escenarios como los siguientes: **(1)** que la parte demandante acredite que diligenció los emplazamientos dentro del plazo de 120 días, en cuyo escenario el foro judicial debe dar por cumplida la orden y dictaminar que se continúen los procedimientos; **(2)** que la parte demandante no comparezca o, si comparece, informe que falló en entregar los emplazamientos dentro del término conferido, lo cual obligará al tribunal a emitir prontamente una sentencia desestimatoria o, **(3)** que la parte demandante comparezca y solicite el desistimiento, lo que conllevará que el tribunal decline conceder el desistimiento solicitado y, en su lugar, decrete prontamente una sentencia desestimando el caso. Advertimos que únicamente en el último par de los escenarios planteados, procedería que, tras el incumplimiento con el

diligenciamiento de los emplazamientos dentro del término de 120 días, el tribunal dicte sentencia desestimando y archivando sin perjuicio, según es ordenado por la Regla 4.3(c) de Procedimiento Civil, supra.

Esta interpretación es cónsona con otras disposiciones relacionadas con el procedimiento de emplazamiento estatuido en las Reglas de Procedimiento Civil. Con respecto al particular, destacamos que, si bien la Regla 4.7 establece que "[l]a persona que diligencie el emplazamiento presentará en el Tribunal la constancia de haberlo hecho dentro del plazo concedido", más adelante esa misma disposición preceptúa que "[l]a omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez".[6]

Colegimos, pues, que la desestimación automática de un pleito sin explorar si la parte demandante diligenció los emplazamientos no fomentaría la economía procesal y la eficiente administración de la justicia. Ello ocurre ya que no se podría prevenir que las partes afectadas tuviesen que recurrir a remedios posteriores a dictarse la sentencia para evidenciar que se emplazó conforme a Derecho dentro del

---

[6]Al analizar el alcance de esta porción de la Regla 4.7 de Procedimiento Civil, el tratadista Rafael Hernández Colón apuntala que "[e]l que no se haya presentado prueba en autos sobre el diligenciamiento debidamente practicado en un caso no afecta la validez de ese diligenciamiento. Sin embargo, la corte no podrá actuar válidamente hasta tanto se acredite en los autos el diligenciamiento". R. Hernández Colón, Práctica jurídica de Puerto Rico, Derecho procesal civil, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, págs. 276-277 (citando a Maldonado v. Colón, 68 DPR 340 (1948)). Véase, además, Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15 (1993).

término de 120 días estatuido en la Regla 4.3(c) de Procedimiento Civil, <u>supra</u>.

De ahí, además, radica la importancia de viabilizar que los tribunales, en el ejercicio de su discreción, balanceen su responsabilidad sobre la supervisión de los calendarios judiciales y la resolución oportuna de los casos <u>vis à vis</u> la política pública de que los casos se ventilen en los méritos. Lo anterior está sujeto al cumplimiento estricto con las formalidades del emplazamiento que garantizan el debido proceso de ley de la parte demandada.[7]

Aclarado que la desestimación automática —es decir, mandatoria— por incumplir con los requerimientos de la Regla 4.3(c) de Procedimiento Civil no cobra eficacia automáticamente, sino que requiere que el tribunal en cuestión intervenga **prontamente** y emita una sentencia desestimando y archivando el caso, luego de cerciorarse que así proceda, pasemos a determinar cuándo es que comienza a transcurrir nuevamente el término prescriptivo interrumpido por la reclamación original. **Veamos.**

Como es consabido, la prescripción extintiva —materia de derecho civil sustantivo, no procesal—, puede ser

---

[7]Empero, reafirmamos que son las partes las que tienen el deber de ser diligentes y proactivos en la tramitación de su causa. Este deber surge desde una etapa tan temprana en la reclamación como lo es el emplazamiento y se extiende hasta etapas post sentencia. En ese sentido, ratificamos que la normativa vigente exige que una vez se diligencien los emplazamientos dentro del plazo concedido, la parte demandante así deberá acreditarlo al tribunal, de conformidad con la Regla 4.7 de Procedimiento Civil, <u>supra</u>.

interrumpida mediante: (1) el ejercicio de la acción ante los tribunales; (2) la reclamación extrajudicial, o (3) cualquier acto o reconocimiento de la obligación por parte del deudor.[8]

En cuanto a lo que nos concierne, la interrupción a través del ejercicio ante los tribunales "tiene el resultado de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente de manera que **el nuevo término iniciará cuando culmine efectivamente el proceso judicial**". (Negrilla y énfasis suplidos). Nevárez Agosto v. United Surety et al., 209 DPR 346, 357 esc. 7 (2022) (citando a Díaz Santiago v. International Textiles, 195 DPR 862, 869 (2016)). Es decir, el momento crucial en el cual ocurre la reactivación y el transcurso del término prescriptivo es cuando termina definitivamente el reclamo ejercido originalmente. Moa v. E.L.A., 100 DPR 573, 591 (1972) (citando a Vda. de Carlo v. Toro, 99 DPR 200, 225 (1970)); Feliciano v. A.A.A., 93 DPR 655, 661 (1966).[9]

---

[8]Nevárez Agosto v. United Surety et al., 209 DPR 346, 356 (2022). **En el caso ante nos, el término prescriptivo de un (1) año se interrumpió efectivamente vía la presentación de una reclamación judicial**. Arts. 1868, 1873 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. secs. 5298, 5303.

Apuntalamos que, a pesar de ser este el cuerpo normativo que rige en la controversia de autos, este fue sustituido posterior a los hechos del caso por los Arts. 1204 y 1197 del actual Código Civil de Puerto Rico de 2020.

[9]A modo ilustrativo, véase, Alamo-Hornedo v. Puig, 745 F.3d 578, 581 (1er Cir. 2014) (precisándose que "[o]nce the court action 'comes to a definite end,' the 'statute of limitations begins to run anew'); Rodríguez v. Suzuki Motor

En aquellos casos en que la culminación efectiva requiere la intervención del tribunal y esta no ha sido tras un desistimiento,[10] hemos resuelto que el nuevo término comenzará a contarse desde que el foro judicial emite una sentencia y esta adviene final y firme. Al respecto, particularmente en Durán Cepeda v. Morales Lebrón, 112 DPR

---

Corp., 570 F.3d 402, 407 (1er Cir. 2009) (refrendándose por el entonces Circuit Judge, Hon. Juan R. Torruella,   que:

> 'Under Puerto Rico tolling rules, which are based on the Spanish civil law, the institution of an action in court is commonly held not only to interrupt the running of the applicable statute of limitations but, at least in the event of a voluntary or usual non-prejudicial dismissal of the original action, **to cause the entire limitations period to run anew from the date the previous action came to a definite end**'.

(Negrilla y énfasis suplidos). Íd. (citando a López-González v. Municipality of Comerío, 404 F.3d 548 (1er Cir. 2005).

Véase, además, Rodríguez García v. Municipality of Caguas, 354 F.3d 91, 97 (1er Cir. 2004) ("When a complaint is filed in the Commonwealth court, the statute of limitations begins to run anew from the date on which that action "comes to a definite end").

[10]Sobre los desistimientos, repasamos que el término comenzará a transcurrir dependiendo de si el desistimiento en cuestión requiere o no la autorización del tribunal. De no requerirlo, como son los supuestos del desistimiento bajo la Regla 39.1(a) de Procedimiento Civil, supra, el término prescriptivo comienza a decursar desde la presentación del aviso de desistimiento. Refiérase, García Aponte et al. v. E.L.A. et al., 135 DPR 137 (1994); Silva Wiscovich v. Weber Dental Mfg. Co., 119 DPR 550 (1987). Empero, si el desistimiento requiere la intervención del tribunal, de conformidad con lo exigido por la Regla 39.1(b), supra, este comenzará a transcurrir desde el momento en el que el foro judicial notifique su determinación. Véase, Agosto v. Mun. de Río Grande, 143 DPR 174 (1997).

623 (1982), precisamos que una "demanda interpuesta ante un foro sin jurisdicción o competencia interrumpe el plazo prescriptivo desde su presentación y causa que **comience a contar un nuevo término al emitir sentencia final y firme el primer foro**". (Negrilla y énfasis suplidos). Íd., pág. 630.

En relación con esto, subrayamos que el profesor José Julián Álvarez González ha reseñado que, tal y "[c]omo demuestra Durán Cepeda, tras una reclamación judicial interruptora que no concluya con una sentencia que cause estado de cosa juzgada, comienza a contar un nuevo término prescriptivo en la fecha en que se convierta en firme la sentencia final que emita el tribunal".[11]

**En consecuencia, hoy, además, pautamos que cuando una reclamación judicial interruptora se archiva sin perjuicio debido al incumplimiento con el emplazamiento de conformidad con lo dispuesto en la Regla 4.3(c) de Procedimiento Civil, supra, el término prescriptivo para incoar un reclamo judicial comenzará a decursar nuevamente cuando tal determinación advenga final y firme.**

_____

[11]J. Álvarez González, La responsabilidad civil extracontractual en Puerto Rico, casos y materiales, 2005, T. II, págs. XI-14.

**Lo resuelto en Durán Cepeda v. Morales Lebrón**, 112 DPR 623 (1982), **ha sido refrendado, además, por este Tribunal y por la Academía.** Véase, Rivera Castillo v. Mun. de San Juan, 130 DPR 683, 697 (1992); J. Cuevas Segarra, La responsabilidad civil y el daño extracontractual, San Juan, Ed. JTS, 1993, pág. 273; 2 H. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, San Juan, Ed. JTS, 1986, pág. 576.

Así las cosas, notamos que en la primera Demanda el tribunal notificó su Sentencia archivando sin perjuicio el 1 de noviembre de 2021. De esta determinación no se recurrió a instancia apelativa alguna. Por tanto, tal Sentencia advino final y firme el 1 de diciembre de 2021. Habiéndose incoado la segunda Demanda el 8 de septiembre de 2022, concluimos que esta se presentó dentro del término de un (1) año desde que la primera Demanda advino final y firme. Por tanto, resolvemos que la segunda Demanda presentada por la señora Ross Valedón en contra de los Recurridos no está prescrita.[12]

## IV

Por los fundamentos antes expresados, se revoca la Sentencia emitida por el Tribunal de Apelaciones. Por consiguiente, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores consistentes con esta Opinión.

_____

[12]Observamos que la parte demandante, en lugar de cumplir con la orden de mostrar causa, presentó un aviso de desistimiento. Ante ello, el tribunal, en vez de dictar una sentencia desestimando sin perjuicio la causa de acción debido al incumplimiento con la Regla 4.3(c) de Procedimiento Civil, supra, concedió el desistimiento peticionado conforme a la Regla 39.1(a) de Procedimiento Civil, supra. No obstante, recalcamos que, de acuerdo con lo resuelto en Bernier González v. Rodríguez Becerra, supra, procedía que el tribunal desestimara la causa de acción por incumplirse con diligenciar los emplazamientos en el término de 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil, supra. Ahora bien, dadas las particularidades del caso de autos, tanto la fecha de presentación del aviso de desistimiento como el momento en que la Sentencia en cuestión en la que se concedió el desistimiento peticionado advino final y firme, no alteran la conclusión de que la segunda Demanda se presentó de manera oportuna.

Se dictará Sentencia de conformidad.


                                        Luis F. Estrella Martínez
                                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Elga Ross Valedón, por sí y en representación de Celián Esther Quintero Ross<br><br>Peticionaria<br><br>v.<br><br>Hospital Dr. Susoni Health Community Services, Corp. y otros<br><br>Recurridos | CC-2023-0257 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 7 de febrero de 2024.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores consistentes con esta Opinión.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emitió una Opinión concurrente. El Juez Asociado señor Rivera García emite las expresiones siguientes:

> "En *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), una mayoría de este Tribunal pautó que, con posterioridad a la aprobación de la Regla 4.3 (c) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, el término de ciento veinte (120) días para el diligenciamiento de los correspondientes emplazamientos es **improrrogable**. De este modo, por *fiat* judicial, se les arrebató a los tribunales de instancia la autoridad para conceder una prórroga si el demandante demostraba justa causa para ello, *Bernier González v. Rodríguez Becerra*, supra, pág. 645. En ese momento, disentí vigorosamente al expresar que una mayoría de este Tribunal "**en ausencia de intención legislativa a tal efecto,**

**convirtió el plazo en uno de carácter jurisdiccional o improrrogable**, a pesar de que las Reglas 4.3(c) y 68.2 de Procedimiento Civil, *infra*, no le confirieron esa característica", *Bernier González v. Rodríguez Becerra*, supra, págs. 653-54.

Ahora bien, en el caso que nos ocupa, nuevamente una mayoría de este Foro toma un giro inesperado al permitir que el referido término sea prorrogado de manera **tácita** al concluir que el inicio del término prescriptivo para incoar un segundo pleito, cuando el primero ha sido desestimado **sin perjuicio**, comienza a decursar cuando el foro primario emite una determinación sobre una moción de desistimiento y no cuando ha expirado el periodo de ciento veinte (120) días para realizar los correspondientes emplazamientos. En esa dirección, una mayoría que en el pasado catalogó el referido término como uno jurisdiccional, hoy establece que el tiempo en que el Tribunal de Instancia tome en atender una moción de desistimiento, transcurrido el periodo para emplazar una parte, favorece a la parte demandante al extenderle el tiempo para incoar un segundo pleito. A la luz de lo expuesto, no puedo más que señalar la innegable contradicción con lo resuelto en *Bernier González v. Rodríguez Becerra*, supra.

Si el término resulta jurisdiccional para una parte, con más razón lo es para el Tribunal. Condicionar el reinicio del término prescriptivo a que surja una sentencia del foro primario desestimando la demanda, burlaría los serios propósitos que persiguen estas Reglas. Cónsono con mi postura, toda vez que la **parte demandante no solicitó prorrogar el término dentro del mismo**, solo restaba que el Tribunal de Primera Instancia desestimara sin más. En vista del resultado al que ha llegado una mayoría, **disiento**".

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Elga Ross Valedón, por sí y en representación de Celián Esther Quintero Ross<br><br>Peticionaria<br><br>v.<br><br>Hospital Dr. Susoni Health Community Services, Corp. y otros<br><br>Recurridos | CC-2023-0257 | |

Opinión Concurrente emitida por la Jueza Asociada Señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 7 de febrero de 2024.

Concurro con la decisión de este Tribunal en cuanto a que la demanda presentada por la Sra. Elga Ross Valedón (señora Ross Valedón), el 8 de septiembre de 2022, no está prescrita. Lo expresado en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), no implica que la desestimación por falta del emplazamiento es "automática" al vencer el término de ciento (120) días.

Sin embargo, la *Opinión* no armoniza adecuadamente las Reglas 4.3(c) y 39.1(a)(1) de Procedimiento Civil, 32 LPRA Ap. V, R.4.3 y R.39.1. No surge de las Reglas de Procedimiento Civil, *supra*, ni de nuestra jurisprudencia limitación al derecho de un reclamante a desistir de una

reclamación en cualquier momento antes de la notificación de la contestación a la demandada. Por tanto, difiero del proceder de la *Opinión* de concluir que el Tribunal de Primera Instancia puede declinar conceder un aviso de desistimiento. Así pues, lo correcto era computar el término prescriptivo desde la presentación del aviso de desistimiento. Por ende, me veo obligada a concurrir.

## I.

En *Bernier González v. Rodríguez Becerra*, supra, pág. 649, resolvimos que, la actual Regla 4.3 de Procedimiento Civil, *supra*, dispone de un término improrrogable de ciento veinte (120) días para emplazar. Además, rechazamos que los jueces ostenten discreción alguna para prorrogar el término para diligenciar el emplazamiento, cuando "la Secretaria del Tribunal de Instancia expide los emplazamientos el mismo día en que se presenta la demanda". *Id.*, pág. 651.

Del texto de la Regla 4.3(c), *supra,* surge que el Tribunal de Primera Instancia debe emitir una sentencia para dar por desestimada la demanda. Lo anterior no puede dar lugar a la conclusión de que la reclamación queda automáticamente desestimada al expirar el término sin la intervención o autorización del Tribunal y que desde esta fecha es que comienza a transcurrir nuevamente el término prescriptivo.

Sin embargo, luego de clarificar los postulados realizados en *Bernier González v. Rodríguez Becerra*, *supra*,

la *Opinión* instrumentaliza un curso de acción en el cual se podrá denegar un aviso de desistimiento presentado por la parte demandante. Con este proceder la *Opinión* pasó por alto el ejercicio de armonizar adecuadamente lo dispuesto en la Regla 4.3(c), *supra,* y la Regla 39.1(a)(1), *supra.*

**II.**

**A.**

El desistimiento es la declaración de voluntad que realiza una parte para expresar su deseo de no continuar con la reclamación que interpuso. *Págan Rodríguez v. Pres. Cáms. Legs.*, 206 DPR 277, 285 (2021). En nuestro ordenamiento, la Regla 39.1 de Procedimiento Civil, *supra*, regula lo concerniente a los desistimientos. El tratadista Hernández Colón señala que "el desistimiento encarna uno de los principios básicos del proceso: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción". R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 414.

Asimismo, el inciso (a) de la Regla 39.1, *supra,* dispone las instancias en las cuales el demandante puede desistir de su pleito voluntariamente, sin la autorización del Tribunal. *Pramco CV6, LLC v. Delgado Cruz*, 184 DPR 453, 459 (2012). Bajo el esquema de las Reglas de Procedimiento Civil, *supra*, se ha reafirmado que el derecho de la parte demandante a desistir bajo la Regla 39.1(a), supra, "es absoluto y nada

impide que pueda demandar nuevamente". *Pagán Rodríguez v. Pres. Cáms. Legs.*, *supra*, pág. 287; *Pramco CV6, LLC v. Delgado Cruz*, *supra*.

El inciso (a)(1) de la Regla 39.1, *supra,* permite a un demandante desistir "mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero". Por tanto, la Regla 39.1(a)(1), *supra,* "reconoce que el demandante puede renunciar a su demanda en cualquier momento antes de la notificación de la contestación de la parte adversa o de una moción para que se dicte sentencia sumaria". *Pramco CV6, LLC v. Delgado Cruz*, *supra*. El mero aviso escrito de desistimiento presentado ante el tribunal es suficiente para que un demandante pueda desistir. Luego de presentarse el aviso, hemos señalado que "[e]l tribunal ordenará obligatoriamente el archivo y sobreseimiento de la acción sin discreción para obrar de otra forma". *Tenorio v. Hosp. Dr. Pila*, 159 DPR 777, 783 (2003).

**B.**

En *Silva Wiscovish v. Webber Dental Mfg. Co.*, 119 DPR 550, 552 (1987), este Tribunal, mediante un recurso de certificación interjurisdiccional, tuvo la oportunidad de determinar si "la presentación de una demanda de la que desiste voluntariamente el actor, sin perjuicio, antes de haberse emplazado a los demandados, interrumpe el término

prescriptivo para propósitos de la prescripción". Allí enfrentamos unos antecedentes fácticos similares a los del caso de autos. En esencia, el demandante presentó una segunda reclamación luego de haber desistido de una causa anterior en la cual había transcurrido el término para diligenciar los emplazamientos. *Id.* pág. 553. Ante una solicitud de la Corte de Apelaciones para el Primer Circuito, certificamos y resolvimos que:

> En este caso se presentó la demanda original dentro del año. **Los actores desistieron voluntariamente, sin perjuicio, antes de haber emplazado a los demandados. Esa gestión interrumpió el término prescriptivo.** Bajo la doctrina reseñada no medió el abandono necesario, derivado del simple transcurrir del tiempo. El ejercicio oportuno de esa reclamación y su subsiguiente desistimiento sin perjuicio, fue con reserva al derecho de volver a presentarla. […]**El término comienza a contarse de nuevo íntegramente desde que terminó definitivamente la acción ejercitada.** *Id.,* pág. 562 (énfasis suplido)(citas omitidas).

Luego en *García Aponte et al. v. ELA et al.*, 135 DPR 137, 138-139 (1994), esta Curia tuvo que determinar cuándo quedaba definitivamente terminada la acción judicial cuando una demanda es desistida al amparo de la Regla 39.1(a)(1) de 1979, 32 LPRA ant. Ap. III. Resolvimos que al ampararse a la Regla 39.1(a)(1) de 1979, *supra*, la acción termina definitivamente en el momento que se presentó el aviso de desistimiento. *García Aponte et al. v. ELA et al.*, *supra*, pág. 145 (citando a *Kane v. República de Cuba*, 90 DPR 428 (1964)).

En cuanto a los términos prescriptivos se resolvió expresamente que:

> Conforme lo resuelto por nosotros en *Silva Wiscovich v. Weber Dental Mfg. Co.*, *supra*, **la presentación ante el tribunal del aviso de desistimiento pone fin al pleito y constituye, por lo tanto, la fecha a partir de la cual comienza el transcurso del nuevo término prescriptivo.** La expresión inequívoca de la voluntad de desistir es el elemento determinante de que cesó el efecto interruptivo de la acción judicial. **Los eventos posteriores a tal manifestación de voluntad, como la fecha en que el tribunal dicta sentencia, la archiva y notifica o ésta adviene final y firme, nada tienen que ver con que surta efecto dicha expresión de voluntad y, por consiguiente, resultan impertinentes.** *García Aponte et al. v. ELA et al.*, *supra*, pág. 145 (énfasis suplido).

Acorde a lo ahí resuelto, esta Curia negó extender la norma para el cómputo del nuevo término prescriptivo de una demanda en el cual el desistimiento fue bajo el inciso (b) de la Regla 39.1 de 1979, *supra*. Específicamente, en *Agosto v. Mun. de Río Grande*, 143 DPR 174, 181 (1997), clarificamos que "[c]omo [bajo la Regla 39.1(b)] el permiso judicial era compulsorio, es a partir de éste que comenzó a contar el nuevo término prescriptivo, porque fue con la orden judicial que se le puso punto final al pleito en cuestión".

## C.

No empecé a lo anterior, bajo las Reglas de Procedimiento Civil de 1979, *supra,* existió una discordancia entre las Reglas 4.3 y 39.1(a). Lo anterior fue plasmado en *Tenorio v. Hosp. Dr. Pila*, 159 DPR 777, 783 esc. 7, donde señalamos que:

[A]ún no hemos tenido la oportunidad de interpretar y armonizar las disposiciones de la Regla 39.1(a)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, con las disposiciones de la Regla 4.3(b) que, con relación al término de seis meses para emplazar, dispone específicamente que "[t]ranscurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por **desistida, con perjuicio.** (énfasis en el original).

En sus comentarios a la actual Regla 39.1(a) de Procedimiento Civil, el tratadista Cuevas Segarra abundó sobre lo anterior de la manera siguiente:

Bajo aquel esquema - **hoy derogado** -, debía prevalecer la Regla 4.3 (b) para el caso de incumplimiento con el deber constitucional de diligenciar los emplazados; pues no debía permitirse el recurrir a la Regla 39.1 (a) (1) para un desistimiento sin perjuicio en los casos en que ya había transcurrido el término original o su prórroga para el diligenciamiento, ya que se desvirtuaría totalmente el propósito de de [sic] la Regla 4.3 (b) de 1979. Al presente, esta potencial anómala situación, luego de la enmienda legislativa a la Regla 4.3 (c), desvaneció el potencial mal uso de la Regla 39.1 (a) (1), ya que no existe el desenlace punitivo que disponía la Regla 4.3 (b) de 1979 para el primer incumplimiento. **Al presente, tanto el primer desistimiento como la desestimación por no diligenciar el emplazamiento en el nuevo término de ciento veinte (120) días, conllevan el archivo sin perjuicio y convierte en innecesario el recurrir a la Regla 39.1 (a) (1) para desvirtuar el propósito del término dispuesto para el emplazamiento.** J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., Pubs. JTS, 2011, Tomo III, págs. 1142-1143 (énfasis suplido).

Lo anterior refleja que el punto de contención entre las Reglas 4.3 y 39.1(a) de Procedimiento Civil de 1979, *supra*, se situaba en que la regla aplicable determinaba si el desistimiento adjudicaba o no la controversia en sus méritos.

Con la aprobación de las Reglas de Procedimiento Civil de 2009, *supra,* desapareció la discordancia antes mencionada. Bajo la reglas vigentes, cuando se recurre a estas por primera vez el pleito judicial termina sin perjuicio. No obstante, las Reglas 4.3 y 39.1(a) de Procedimiento Civil, *supra,* vigentes requieren que sean armonizadas. Bajo la actual Regla 4.3, *supra*, una demanda queda desestimada, al momento de que el Tribunal emite su sentencia. Por otro lado, la Regla 39.1(a), *supra,* permite que el demandante desista, desde el momento que presentó el aviso.

### III.

En consideración a nuestros pasados dictámenes y lo dispuesto por las Reglas de Procedimiento Civil, entre la Regla 4.3 (c), *supra*, y Regla 39.1(a), *supra*, en este caso debe prevalecer el aviso de desistimiento presentado. Por tanto, difiero de la *Opinión* en cuanto a que el Tribunal de Instancia podrá declinar conceder una solicitud de desistimiento cuando aún no se ha notificado la contestación de la parte adversa o una moción de sentencia sumaria. La determinación de que el desistimiento sin permiso del tribunal, según dispone la Regla 39.1(a), *supra,* no está disponible cuando la notificación se presenta después de incumplir la Regla 4.3(c), *supra,* es contraria al lenguaje claro de nuestras Reglas de Procedimiento Civil y constituye una enmienda por jurisprudencia de ese cuerpo normativo.

Además, es insostenible concluir que, por un lado, el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, *supra,* no cobra eficacia hasta que se emita una sentencia y, por otro, sostener que el orden cronológico controla cuál regla se pone en vigor. Adelanto que, al presentarse el aviso de desistimiento, la primera demanda de la señora Ross Valedón culminó ese momento de manera definitiva.

Con su proceder, una Mayoría de este Tribunal avala que la gestión de archivar un caso sin perjuicio se convierta en una laboriosa tarea burocrática, la cual permite que la parte inobservante difiera por varios meses las consecuencias de sus actos. Resulta imposible sostener que un Tribunal intervenga prontamente para emitir una sentencia desestimando el caso y requerir que este realice las gestiones que entienda pertinente para cerciorar su jurisdicción. Más aun cuando cuenta con un quehacer avalado por nuestras Reglas de Procedimiento Civil y con efectividad inmediata. El caso de autos es ejemplo de lo anterior. Entre la *Orden* del Tribunal de Primera Instancia de que mostrara causa por la cual no debía desestimar la reclamación, emitida el 22 de junio de 2021, y la *Sentencia* que puso fin a la primera Demanda, notificada el 1 de noviembre de 2021, transcurrieron ciento treinta y un (131) días.

Del texto de la Regla 4.3(c), *supra*, no surge limitación alguna al derecho del demandante de presentar un aviso de desistimiento. Además, hay una total ausencia de razones por

las cuales debamos limitar la aplicación de la Regla 39.1(a)(1), *supra*. Contrario a la situación de las Reglas de 1979, *supra*, el uso de la Regla 39.1(a)(1), *supra,* no desvirtúa el propósito de permitir al Tribunal desestimar la demanda por falta de emplazamiento. Lo anterior ante el hecho que, "tanto el primer desistimiento como la desestimación por no diligenciar el emplazamiento [...], conllevan el archivo sin perjuicio". J.A. Cuevas Segarra, op. cit., pág. 1143.

Es menester aclarar que, contrario a la decisión de la Mayoría, el permitir el desistimiento sin perjuicio no protege a una parte de las consecuencias de su incumplimiento con el término para realizar el emplazamiento. El desistir por primera vez acarea la consecuencia de que la parte no puede utilizar ese mecanismo procesal como estrategia para preservar su acción en una reclamación subsiguiente. Recordemos que nuestra jurisdicción aplica el "*two dismissal rule*" y por tanto un subsiguiente desistimiento constituye una adjudicación en los méritos.

Por tanto, el curso de acción a seguir luego de no haberse diligenciado el emplazamiento dependerá de la acción que se ejerza primero. Entiéndase, el Tribunal de Primera Instancia podrá bajo la Regla 4.3(c), *supra,* desestimar el pleito, o la parte demandante presentará el aviso de desistimiento. Así garantizamos que situaciones procesales como la de hoy se atiendan de manera rápida y económica.

En particular al caso de autos, el 19 febrero de 2021, la señora Ross Valedón presentó una primera *Demanda*. Luego de transcurrido el término para emplazar el Tribunal de Primera Instancia emitió una *Orden* por la cual no debía desestimar la reclamación. En respuesta, la peticionaria presentó una *Moción sobre desistimiento sin perjuicio,* firmada por la parte el 14 de septiembre de 2021, pero ponchada del 27 de septiembre de 2021. El 28 de octubre de 2021, el foro de instancia emitió una *Sentencia* la cual declaró con lugar el desistimiento sin perjuicio. Específicamente dispuso: "De conformidad a las disposiciones de la Regla 39.1(a) de las de Procedimiento Civil, así como lo resuelto en [*Págan Rodríguez v. Pres. Cáms. Legs.*, *supra*] se tiene por desistido, sin perjuicio, la reclamación en el caso de epígrafe".[1] Al momento de presentarse la segunda *Demanda*, el 8 de septiembre de 2022, la *Sentencia* era final y firme.

Ante estos hechos, considero aplicable la Regla 39.1(a), *supra,* dado a que se solicitó el desistimiento previo a la notificación de la contestación a la *Demanda* y antes de una desestimación bajo la Regla 4.3(c) de Procedimiento Civil, *supra*. La titulada *Moción sobre desistimiento sin perjuicio,* que presentó la peticionaria es en realidad un aviso de desistimiento y constituye la expresión inequívoca de su voluntad de desistir de la acción.

---

[1] *Véase* Apéndice Petición de Certiorari, pág. 41.

Tomando como punto de partida la presentación del aviso, concluyo que la segunda demanda se presentó dentro del término prescriptivo aplicable.


                                        Mildred G. Pabón Charneco
                                            Jueza Asociada