STADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **L&S, LLC., ROBERT M. LAVIE**<br><br>Recurrida<br><br>v.<br><br>**SANTOS CARDENAS CONSUELO; GISELLE GUERRERO; PARADISE REAL ESTATE GROUP, LLC; COMPANY ABC; INSURANCE COMPANY XYZ; JOHN & JANE DOE**<br><br>Peticionario | KLAN202300988 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2023CV05415**<br><br>Sobre: Declaratory Judgment; Breach of Contract; Unjust Enrichment; and Tort Damages |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparecen L&S, LLC y Robert M. Lavie (los Apelantes) y nos solicitan revocar una *Sentencia Parcial* emitida el 5 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Por virtud del aludido dictamen, el TPI desestimó parcialmente y sin perjuicio la *Demanda* contra Consuelo Santos Cárdenas y Paradise Real Estate Group, LLC (las Apeladas) por no haber diligenciado el emplazamiento personal dentro de los ciento veinte (120) días otorgados por la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).

El 2 de febrero de 2024, emitimos una *Resolución* en la que le concedimos un término de diez (10) días a la parte apelada para exponer su posición en torno a los méritos del recurso. Transcurrido

---

[1] Apéndice del *Recurso de Apelación*, Anejo IV, págs. 38-41. Archivada y notificada en autos el 5 de octubre de 2023.

el término concedido sin que la parte apelada haya comparecido, prescindimos de la comparecencia de la parte apelada con el propósito de lograr el más justo y eficiente despacho y proveer el más amplio acceso al Tribunal a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Por los fundamentos que exponemos a continuación, *revocamos* la *Sentencia Parcial* emitida por el TPI, y devolvemos el caso al TPI para que continúe con los procedimientos.

## I.

El caso de epígrafe se originó el 5 de junio de 2023, cuando los Apelantes instaron una *Demanda* contra las Apeladas, Giselle Guerrero, Company ABC, Insurance Company XYZ y John & Jane Doe (las Demandadas).[2] El 7 de junio de 2023, la Secretaría del Tribunal expidió los emplazamientos.[3] El 23 de junio de 2023, el emplazador, Alberto A. Segarra Cordero, emplazó personalmente a la Sra. Guerrero, pero no logró emplazar a las otras partes demandadas.[4] Según la declaración jurada suscrita por el Sr. Segarra Cordero, se estableció que infructuosamente se intentó localizar a la Sra. Santos Cárdenas y las oficinas de Paradise Real Estate Group, LLC.[5]

Así las cosas, el 5 de octubre de 2023, los Apelantes radicaron una *Moci[ó]n informativa sobre gestiones infructuosas de diligenciar el emplazamiento personal y solicitud de autorizaci[ó]n y expedici[ó]n de emplazamiento por edicto bajo la Regla 4.3(c) y conforme caso S[á]nchez v. Higuera, 203 DPR 982 (2020).*[6] En la misma, le solicitaron al TPI autorizar y expedir el emplazamiento por edicto de las Apeladas.

---

[2] *Íd.*, Anejo I, págs. 1-13.
[3] *Íd.*, Anejo II, págs. 14-20.
[4] *Íd.*, Anejo III, págs. 30 y 31.
[5] *Íd.*
[6] *Íd.*, págs. 21-37.

Sin embargo, el mismo día, el TPI emitió una *Sentencia Parcial* desestimando la *Demanda* contra las Apeladas por haber transcurrido ciento veintiún (121) días desde que se expidieron los emplazamientos, entiéndase 7 de junio de 2023.

Inconformes, el 6 de noviembre de 2023, los Apelantes recurren a nuestro foro mediante un *Recurso de Apelación* y señalan los siguientes errores:

> **A. ERR[Ó] EL TPI AL DESESTIMAR LAS RECLAMACIONES CONTRA LAS APELADAS CUANDO LOS APELANTES SOLICITARON LOS EMPLAZAMIENTOS POR EDICTO DENTRO DEL TERMINO DE CIENTO VEINTE (120) D[Í]AS.**
> **B. ERR[Ó] EL TPI AL DESESTIMAR LAS RECLAMACIONES CONTRA LAS APELADAS CUANDO CALCUL[Ó] ERRONEAMENTE QUE TRANSCURRI[Ó] CIENTO VEINTUNO (121) D[Í]AS DESDE QUE SE EXPIDIERON LOS EMPLAZAMIENTOS POR EL TPI.**

En esencia, nos solicitan que revoquemos la determinación del TPI que desestimó la *Demanda* contra la Sra. Santos Cárdenas y Paradise Real Estate Group, LLC. También nos solicitan que aclaremos si para el 5 de octubre de 2023 habían transcurrido ciento veinte (120) o ciento veintiún (121) días desde que se expidieron los emplazamientos personales.

Esbozados los hechos, procedemos a discutir el derecho aplicable.

## II.

"El emplazamiento es un acto procesal mediante el cual se comunica al demandado la demanda presentada en su contra y se le requiere a comparecer en autos para formular la alegación que proceda". Rafael Hernández Colón, *Derecho Procesal Civil*, 6.ª ed. rev., San Juan, LexisNexis de Puerto Rico, Inc., 2017, pág. 256. Por lo general, los tribunales de justicia adquieren jurisdicción sobre la persona del demandado mediante el diligenciamiento del emplazamiento. *Íd.*, págs. 257-58. La Regla 4 de Procedimiento Civil,

*supra*, R. 4, dispone los procesos, efectos, clases y términos del emplazamiento.

En lo pertinente al caso de autos, la Regla 4.3(c), *Íd.*, R. 4.3(c), dispone que:

> El emplazamiento **será diligenciado en el término de ciento veinte (120) días** a partir de la presentación de la demanda **o de la fecha de expedición del emplazamiento por edicto**. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. **Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos** una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. (Énfasis nuestro).

"[A]nte un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial". *Ross Valedon v. Hospital Dr. Susoni Health Community Services, Corp.*, 2024 TSPR 10. La demora en la expedición del emplazamiento por parte de la Secretaría del Tribunal no se debe entender como una concesión de tiempo adicional a los ciento veinte (120) días para diligenciarlo, puesto que el término comienza a transcurrir luego de que esta expida el emplazamiento. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649-650 (2018). Aun así, el Tribunal Supremo de Puerto Rico ha reconocido que esta norma no es absoluta. *Sánchez Ruiz v. Higuera Pérez et. al*, 203 DPR 982 (2020).

Nuestro ordenamiento reconoce que el emplazamiento se puede diligenciar de forma personal y mediante edictos. Reglas de Procedimiento Civil, *supra*, Rs. 4.4 y 4.6. La Regla 4.6, *Íd.*, R. 4.6, dispone lo pertinente al emplazamiento por edicto. Esta requiere que antes de solicitar un emplazamiento por edicto, se intente emplazar personalmente. *Íd.* El emplazamiento por edicto, por lo tanto, es "un procedimiento para sustituir la entrega personal [del emplazamiento] cuando ésta no puede efectuarse [...]". Hernández

Colón, *op. cit.*, pág. 269. La imposibilidad de diligenciar el emplazamiento personalmente debe acreditarse mediante una declaración jurada que debe "expresar hechos específicos y no meras conclusiones o generalidades. De este modo, se deben incluir las personas con quiénes se investigó y su dirección". *Sánchez Ruiz v. Higuera Pérez et. al, supra*, pág. 988.

En *Sánchez Ruiz v. Higuera Pérez et. al*, el Tribunal Supremo de Puerto Rico resolvió lo que ocurre con el término de ciento veinte (120) días cuando un demandante solicita inicialmente emplazar personalmente, pero luego opta por emplazar por edicto. *Íd.* Recordemos que la Regla 4.3 de Procedimiento Civil dispone que el término de ciento veinte (120) días comienza a transcurrir "a partir de la presentación de la demanda **o de la fecha de expedición del emplazamiento por edicto**". Reglas de Procedimiento Civil, *supra*, R.4.3(c).

En *Sánchez Ruiz*, la parte demandante presentó su demanda el 30 de junio de 2017 y ese mismo día se expidieron los emplazamientos. *Sánchez Ruiz v. Higuera Pérez et. al, supra*. Luego de varios trámites procesales y el paso del Huracán María, el Tribunal Supremo emitió una resolución que extendió los términos de presentación de los recursos hasta el 1 de diciembre de 2017. *Íd.* El 10 de noviembre de 2017, la demandante presentó una moción de emplazamiento por edictos, cumpliendo con los requisitos de la Regla 4.6 de Procedimiento Civil. *Íd.* El 15 de noviembre de 2017, el Tribunal de Primera Instancia declaró con lugar la solicitud de emplazamiento por edicto, los cuales fueron expedidos el 29 de diciembre de 2017. *Íd.* Los edictos fueron publicados el 16 de enero de 2018. *Íd.* Los demandados insistieron en que el término improrrogable para emplazar culminó el 1 de diciembre de 2017, por lo que el emplazamiento por edicto fue tardío. *Íd.* El Tribunal resolvió que:

> [U]na vez se intenta sin éxito emplazar personalmente a un demandado, y tras acreditar las diligencias realizadas para citarlo personalmente se solicita emplazarlo por edictos dentro del plazo de ciento veinte días, **comienza a [de cursar] un nuevo término improrrogable de ciento veinte días para emplazar por edictos**, una vez se expida el correspondiente emplazamiento. *Íd.*, pág. 994 (Énfasis nuestro).

Al haber solicitado el emplazamiento por edicto dentro de los términos para diligenciar el emplazamiento personal, un término nuevo de ciento veinte (120) días comenzó a trascurrir.

Para calcular el plazo para diligenciar el emplazamiento, debemos recurrir a las Reglas de Procedimiento Civil, *supra*. La Regla 68.1 de Procedimiento Civil, *Íd.*, R. 68.1, dispone como se computan los términos establecidos por las mismas, por orden de tribunal o por cualquier estatuto aplicable. Para el cómputo de los términos, "no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir", *Íd.*, pero sí se incluirá el último día del término, siempre y cuando este no sea un sábado, domingo, día de fiesta legal o día concedido.

### III.

El 5 de junio de 2023, los Apelantes en el caso de autos radicaron una demanda en contra de varias demandadas, incluyendo a las Apeladas.[7] El 7 de junio de 2023, la Secretaría del Tribunal expidió los emplazamientos personales con un término de ciento veinte (120) días para ser diligenciados.[8] Este término comenzó a transcurrir desde que la Secretaría expidió los emplazamientos. Recordemos que no se cuenta el día 7 de junio de 2023 en el cómputo de términos, ya que fue el día en que el emplazamiento fue expedido. Por lo tanto, la fecha límite para

---

[7] *Íd.*, Anejo I, págs. 1-13.
[8] *Íd.*, Anejo II, págs. 14-20.

diligenciar el emplazamiento era el jueves, 5 de octubre de 2023, ciento veinte (120) días luego del 7 de junio de 2023.

El 5 de octubre de 2023, los Apelantes solicitaron mediante moción el emplazamiento por edicto.[9] La moción fue acompañada por una declaración jurada del Sr. Segarra Cordero, quien declaró haber realizado esfuerzos para localizar a las Apeladas. La declaración jurada cumple con los requisitos de la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6, y con las normas jurisprudenciales esbozadas. La solicitud fue radicada dentro del término para diligenciar el emplazamiento personal, lo cual resulta en el inicio de un término nuevo de ciento veinte (120) días para diligenciar el emplazamiento por edicto.

Por cuanto, resolvemos que los Apelantes radicaron la *Solicitud de autorizaci[ó]n y expedici[ó]n de emplazamiento por edicto*[10] dentro de los términos establecidos por ley y conforme a la jurisprudencia vigente. No habían transcurrido los ciento veinte (120) días para diligenciar el emplazamiento personal.

IV.

Por los fundamentos que anteceden, *revocamos* la determinación del TPI y *devolvemos* el caso para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] *Íd.*, Anejo III, págs. 30-31.
[10] *Íd.*, págs. 21-37.