ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| BRYAN SIAMAK AFSHAR Y OTROS<br>Recurrido<br><br>v.<br><br>EDUARDO FELICIANO LÓPEZ POR SÍ Y EN REPRESENTACIÓN DE FABRIXS, FABRIC Y KCS Y OTROS<br>Peticionario | KLCE202400105 CONSOLIDADO CON KLCE202400158 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Número: CA2023CV01810<br><br>Sobre: Daños y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece Edward Feliciano López (Feliciano López) y nos solicita la revocación de la *Resolución* notificada el 17 de octubre de 2023, en la cual el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario), denegó un petitorio de desestimación que versa sobre la impugnación de un emplazamiento por edicto. De otra parte, comparecen Fabrixs Industrial Laundry Corporation y Fabrics Industrial Laundry Corporation (Fabrixs y Fabrics) y nos solicitan la revocación de otra *Resolución* notificada el 27 de diciembre de 2023, en la cual, el TPI denegó similar solicitud dispositiva.

Pendiente lo anterior, y según solicitó Bryan Siamak Afshar (Sr. Siamak Afshar o demandante), ordenamos la consolidación de los recursos de epígrafe, en aras de garantizar mayor transparencia, agilidad y efectividad en el manejo de los asuntos pendientes ante esta Curia, conforme nos autoriza la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 80.1. Tome nota la

Número Identificador:

SEN2024_____

Secretaría y las partes a los fines de que todo escrito posterior deberán utilizar el epígrafe de título.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* en ambos recursos y revocamos las dos resoluciones recurridas. Veamos.

**I.**

El demandante, por sí y en representación de varias entidades corporativas,[1] el 5 de junio de 2023, incoó una demanda en contra de Edward Feliciano López en su capacidad personal y como representante de varias corporaciones.[2] En síntesis, suplicó al foro primario que declarara ha lugar la demanda por incumplimiento de contrato e impusiera el pago de lo adeudado, más el resarcimiento por los daños y perjuicios sufridos, entre otros remedios.

Al día siguiente de instado el pleito, y en cumplimiento al requerimiento del TPI,[3] 16 de junio de 2023, el Sr. Siamak Afshar presentó los proyectos de emplazamiento dirigidos a: Eduardo Feliciano López por sí y en representación de Fabrixs, Fabrics y KCS, a la dirección Urb. Mansiones de Vista Marina, Calle Marbella #1406, Carolina PR 00983;[4] a José De León Guzmán, por sí y en representación de Fabrixs, Fabrics y KCS, a la dirección Urb. Mansiones de Vista Marina, Calle Mallorca #304, Carolina PR 00983;[5] a Kitchen Cleaning Services (KCS) representada por Eduardo Feliciano López y José De León Guzmán, a la dirección

---

[1] Caribbean Linen & Apparel Service, Inc. y sus afiliadas: Caribbean Linen Text Care Corp.; Caribbean Linen Eco Care Dry Cleaners, Inc.; Caribbean Linen Cleaning Services LLC; y como socio y dueño de Fabrixs Industrial Laundry Corporation y Fabric Industrial Laundry Corporation.

[2] Fabrixs Industrial Laundry Corporation y Fabric Industrial Laundry Corporation y de Kitchen Cleaning Services "KCS"; José De León Guzmán por sí y en representación de Fabrixs Industrial Laundry Corporation y Fabric Industrial Laundry Corporation y de Kitchen Cleaning Services "KCS"; Kitchen Cleaning Services "KCS" representada por Edward Feliciano López también conocido como Edward Feliciano López y por José De León Guzmán; Juan A. Castro Ramírez por sí y como Contable de las compañías Fabrixs Industrial Laundry Corporation, Fabric Industrial Laundry Corporation y de Kitchen Cleaning Services "KCS"; Compañías De Seguros A, B Y C; John Doe y Richard Roe.

[3] Apéndice, pág. 17 del KLCE202400105.

[4] Apéndice, págs. 19-20 del KLCE202400105.

[5] Apéndice, págs. 21-22 del KLCE202400105.

Roberto S. Vilella #10000, Campo Rico Off. Mall / Ave. Sánchez Osorio 5X34 Villa Fontana Park, Carolina PR 00983;[6] y a otros demandados de nombre desconocido.[7]

El 6 de julio de 2023, el demandante instó una *Moción solicitando corrección de epígrafe*[8] a los fines de rectificar que el nombre del codemandado debe leer Edward Feliciano López y de eliminar unas afiliadas como parte demandante y otros demandados que no formarán parte de este litigio. Surge del epígrafe que, el Sr. Siamak Afshar demandó en calidad de socio y dueño de Fabrixs y Fabrics a los codemandados Edward Feliciano López y José De León Guzmán a quienes demandó en su carácter personal y en representación de Fabrixs y Fabrics.

Junto a la referida moción, el Sr. Siamak Afshar volvió a someter dos proyectos de emplazamientos, pero esta vez dirigidos a: Edward Feliciano López, por sí y en representación de Fabrixs, Fabrics y KCS, sin cambiar la dirección antes provista;[9] y a KCS, representada por Edward Feliciano López y José De León Guzmán, sin tampoco modificar la dirección previa.[10] A su vez, y el mismo día, acreditó una *Demanda Enmendada*[11] y desistió voluntariamente y sin perjuicio de su causa de acción en contra de Juan A. Castro Ramírez, por sí y como contable de las compañías Fabrixs, Fabrics y KCS.[12] En reacción, el TPI ordenó la expedición de nuevos emplazamientos el 14 de julio de 2023.[13]

Así las cosas, mediante una *Moción urgente solicitando auxilio del Honorable Tribunal*, el demandante informó ciertas dificultades

---

[6] Apéndice, págs. 23-24 del KLCE202400105.
[7] Apéndice, págs. 25-34 del KLCE202400105.
[8] Apéndice, págs. 52-53 del KLCE202400105.
[9] Apéndice, págs. 54-55 del KLCE202400105.
[10] Apéndice, págs. 56-57 del KLCE202400105.
[11] Apéndice, págs. 58-69 del KLCE202400105.
[12] Apéndice, págs. 70-71 del KLCE202400105.
[13] Apéndice, págs. 80-83 del KLCE202400105. Cabe señalar que en esta etapa de los procesos, el TPI acogió un desistimiento voluntario sin perjuicio en contra de Juan A. Castro Ramírez, contable de Fabrix, Fabrics, Kitchen (KCS) el 7 de julio de 2023, lo antes se refleja en la *Sentencia Parcial* notificada el 17 de julio de 2023 del KLCE202400105.

para diligenciar un emplazamiento personal a Feliciano López, por lo que, solicitó al TPI auxilio para que un alguacil lo acompañara a emplazar.  Evaluado lo anterior, el 10 de agosto de 2023, el TPI ordenó al demandante solicitar en cinco días un emplazamiento por edicto, conforme la Regla 4.6(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a).  En particular, indicó que deberá proveer una declaración jurada que contenga las gestiones infructuosas, según requiere la citada regla.[14]  La misma orden fue notificada en autos el 14 de agosto de 2023.[15]

Por ello, con fecha de 18 de agosto de 2023, el Sr. Siamak Afshar presentó una *Moción solicitando emplazamiento por edicto, al amparo de la Regla 4.6(a) de las Reglas de Procedimiento Civil de 2009*[16] dirigida a Feliciano López y KCS.[17] Ese mismo día, el foro

---

[14] Apéndice, pág. 89 del KLCE202400105.
[15] Apéndice, pág. 90 del KLCE202400105.
[16] Apéndice, págs. 91-92 del KLCE202400105.
[17] Junto a su solicitud incluyó una declaración del emplazador Carlos Torres Medrano. Apéndice, págs. 97-98 del KLCE202400105. De esta surge lo siguiente: [...] 1. Que mi nombre y demás circunstancias personales son las anteriormente expresadas. 2. Que el 20 de julio de 2023 recibí la copia de la demanda y el emplazamiento en el presente caso de epígrafe, para que fuesen diligenciados de acuerdo con las Reglas de Procedimiento Civil de Puerto Rico en las personas de epígrafe, o sea, Edward Feliciano L[ó]pez, Jos[é] De Le[ó]n Guzm[á]n, Kitchen Cleaning Services (Fabrixs, Fabric, KCS). 3. Que el día 24 de julio de 2023 visité el edificio de Kitchen Cleaning Services (KCS) al lado de McDonalds en la Ave. Campo Rico en Carolina, P.R. y que al llegar al lugar inicié una vigilancia para lograr emplazar a los demandados antes mencionados ya que, según información suministrada, estas personas ya tienen conocimiento de que se están haciendo gestiones de localizarlos para lograr hacerle entrega de la copia de la demanda, emplazamientos y los mismos hacen todo lo posible de que no se puedan localizar. Pasadas aproximadamente dos horas logré ver una persona que estaba llegando al edificio y, por ayuda del demandante, que me acompañaba, éste me indicó que ese era Jo[s]é De Le[ó]n Guzm[á]n, a lo que inmediatamente me dirigí hacia la persona y al llegar cerca lo llamé por su nombre y éste me respondió "s[í] soy yo". Procedí a explicarle el propósito y se le hizo entrega de la copia de la demanda y el emplazamiento. 4. Que ese mismo día me dirigí hacia la Urb. Mansiones de Vista Marina en Carolina[,] P.R. ya que esta es la dirección donde reside Edward Feliciano L[ó]pez y que al llegar al lugar me identifiqué con el guardia de seguridad de nombre D[í]az. Le expliqué que voy a visitar al Sr. Edward Feliciano L[ó]pez, a lo que éste me indicó que tiene que llamar al residente para pedir autorización para poder permitirme la entrada.  Pasados unos minutos éste me indicó que no me podía permitir la entrada porque el residente no lo autorizó. Posteriormente, inicié una vigilancia ya que [el] demandante sabe cuál es el vehículo que usa el demandado.  Pasadas dos horas y media en dicha vigilancia no se logró localizar dicho vehículo ya que este no transitó por el área. 5. Que el día 1 de julio de 2023 nuevamente visité el edificio de Kitchen Cleaning Services (KCS) y que al llegar al lugar inicié una vigilancia para tratar de localizar a Edward Feliciano L[ó]pez. Pasada una hora observo que el portón de entrada al lugar se abría y me dirigí hacia el interior del edificio. Al llegar a la puerta de entrada realicé gestiones para lograr la entrada al interior del edificio, lo cual no pude lograr ya que los portones antes estaban abiertos, pero ahora permanecen cerrados.  Pude observar a un caballero que es guardia de seguridad en el interior del edificio y procedí a llamarlo, a lo que me identifiqué y le indiqué que si me podía comunicar con el señor Edward Feliciano L[ó]pez, a lo que éste me indicó que la persona que le

primario emitió una orden en la cual autorizó emplazar por edicto a Feliciano López y a KCS.[18]

Posteriormente, el demandante presentó una moción solicitando sanciones porque presuntamente Feliciano López se escondía del emplazador. En respuesta, el TPI expuso que lo tomaría en consideración al momento de imponer costas.[19] A lo antes, el demandante pidió reconsideración[20] y el 7 de septiembre de 2023, el TPI lo denegó por el momento.[21]

Publicado el edicto, compareció -sin someterse a la jurisdicción- la representación legal de Feliciano López para solicitar una prórroga para presentar una alegación responsiva o una moción dispositiva.[22] Separada y análogamente, KCS instó una moción intitulada *Sin someterse a la jurisdicción moción asumiendo representación legal de Kitchen Cleaning Services (KCS) y solicitud de prórroga.*[23] De otra parte, mediante una *Comparecencia Especial sin someterse a la jurisdicción del Tribunal*,[24] Fabrics y Fabrixs cuestionaron la suficiencia de los emplazamientos.

Surge del expediente que, el TPI asumió jurisdicción sobre los demandados y concedió 15 días para acreditar su alegación responsiva.[25] En lugar de contestar, José De León Guzmán solicitó la desestimación de la causa por insuficiencia del emplazamiento.[26] Detalló que, fue emplazado a través de Avidaliz López Morales, recepcionista de KCS, quien no está autorizada a recibir ningún

---

mencioné no se encontraba y que por favor me retirara del lugar. No me permitió el acceso. 6. Que no se realizaron más gestiones para tratar de localizar a la parte demandada antes mencionada ya que la parte demandante no tiene más información que ayude a dar con el paradero de los demandados de epígrafe. 7. Que el 7 de julio de 2023 se realizaron gestiones en las redes sociales tales como Facebook, Instagram, Twitter y en toda la búsqueda realizada no se logró localizar información que me ayude a localizar a Edward Feliciano L[ó]pez, Jos[é] De Le[ó]n Guzm[á]n y (Kitchen Cleaning Services (Fabrixs, Fabrics, KCS). [...]

[18] Véase *Orden*, apéndice, pág. 101 del KLCE202400105.
[19] Apéndice, pág. 110 del KLCE202400105.
[20] Apéndice, pág. 111-113 del KLCE202400105.
[21] Apéndice, pág. 115 del KLCE202400105.
[22] Apéndice, págs. 124-125 y 129-130 del KLCE202400105.
[23] Apéndice, págs. 129-130 del KLCE202400105.
[24] Apéndice, págs. 131-132 del KLCE202400105.
[25] Apéndice, pág. 145-147 del KLCE202400105.
[26] Apéndice, págs. 133-138 del KLCE202400105.

emplazamiento, mucho menos el emplazamiento personal del Sr. De León Guzmán.[27] Además, aclaró que, su comparecencia es exclusivamente en su carácter personal debido a que presuntamente constituye un error demandarlo en representación de Fabrixs, Fabrics y KCS.

Similarmente, Feliciano López presentó una moción de desestimación[28] y allí impugnó el contenido y la veracidad de la declaración jurada utilizada para fundamentar el emplazamiento por edicto. Lo mismo hicieron separadamente KCS,[29] Fabrics y Fabrixs.[30] Precisamos que, Fabrics y Fabrixs sustentaron su petitorio desestimatorio en que el demandante incumplió con la Regla 4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4, al pretender emplazar -mediante un mismo emplazamiento- a Feliciano López, en su carácter personal, y también a través de él a Fabrics y Fabrixs, a pesar de que son entes independientes, con capacidad jurídica separada de la de sus dueños. Añadieron que, el demandante tampoco cumplió con los requisitos para emplazar mediante edicto dispuestos en la Regla 4.6 de Procedimiento Civil, *supra*, al presentar una declaración jurada insuficiente. Por último, arguyeron que, el Sr. Siamak Afshar no dio cumplimiento a las exigencias de la Ley Núm. 164-2009, Ley General de Corporaciones de 2009, 14 LPRA sec. 3501 *et seq.*, relacionadas a cómo emplazar a las corporaciones.

Evaluado lo antes, el TPI denegó los referidos petitorios desestimatorios[31] y, posteriormente, denegó sus correspondientes solicitudes de reconsideración. Inconforme, Feliciano López acude ante esta Curia mediante el recurso KLCE202400105 y suplica

---

[27] Para sustentar su postura, incluyó una declaración jurada de Avidaliz López Morales. Apéndice, pág. 140 del KLCE202400105.
[28] Apéndice, págs. 150-159 del KLCE202400105.
[29] Apéndice, págs. 160-171 del KLCE202400105.
[30] Apéndice, págs. 226-230 del KLCE202400105.
[31] Apéndice, págs. 176-177 y 231-232 del KLCE202400105.

nuestra intervención por entender que el foro primario cometió tres errores:

> Erró el Tribunal de Primera Instancia al autorizar el emplazamiento por edicto de Edward Feliciano López basado en una declaración jurada insuficiente, contraria a derecho y en violación de la garantía constitucional de notificación adecuada como corolario del debido proceso de ley.

> Erró el Tribunal de Primera Instancia al no desestimar la demanda contra Edward Feliciano López por insuficiencia en el emplazamiento por edicto ya que la declaración jurada del emplazador no cumplió con los requisitos que exige la Regla 4.6 de Procedimiento Civil.

> Erró el Tribunal de Primera Instancia al no desestimar la demanda en contra [de] Edward Feliciano López por falta de notificación adecuada en violación al debido proceso de ley que le cobija como parte demandada en un pleito.

De otra parte, comparecen Fabrixs y Fabrics mediante el recurso número KLCE202400158 y señalan los siguientes errores:

> Erró el Tribunal de Primera Instancia al autorizar el emplazamiento por edicto de Fabrixs Laundry Inc. y Fabrics Laundry Inc. basado en una declaración jurada insuficiente, contraria a derecho y en violación a la garantía constitucional de notificación adecuada como corolario del debido proceso de ley.

> Erró el Tribunal de Primera Instancia al no desestimar la demanda contra Fabrixs Laundry Inc. y Fabrics Laundry Inc. por insuficiencia en el emplazamiento toda vez que no demuestra ni[sic] evidencia ninguna diligencia o esfuerzo de emplazamiento personal, según lo requiere las Reglas de Procedimiento Civil y la Ley General de corporaciones como entes jurídicos separados.

> Erró el Tribunal de Primera Instancia al no desestimar la demanda en contra de Fabrixs Laundry Inc. y Fabrics Laundry Inc. por falta de notificación adecuada en violación del debido proceso de ley que le cobija como parte demandada en un pleito.

En cumplimiento con nuestras resoluciones, el demandante insta su alegato en oposición y allí expone que, el emplazamiento por edicto se hizo conforme a Derecho, tal cual lo dictaminó el TPI. En respuesta al argumento de que Fabrixs y Fabrics no han sido notificadas de la causa de acción en su contra, el Sr. Siamak Afshar señala que, Fabrixs y Fabrics son parte demandante.

Con el beneficio de las posturas de las partes, procedemos a continuación.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso

de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros, supra.*

**B. Emplazamientos (por edicto y a corporaciones) y la Regla 10.2**

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* 2024 TSPR 10, resuelto el 7 de febrero de 2024. A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Íd*; *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994 (2021). Ahora bien, nuestro más Alto Foro enfatizó que la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 647 (2021).

En nuestro ordenamiento procesal, el emplazamiento puede ser personal o a través de la publicación de un edicto. Reglas 4.4 y 4.6 de las Reglas de Procedimiento Civil, *supra*. Además, debe ser diligenciado dentro del término de ciento veinte (120) días a partir de la presentación de la demanda o una vez se autoriza y se expide el emplazamiento. Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3.

El tribunal podrá autorizar que el emplazamiento sea por edicto cuando la persona a ser emplazada esté fuera de Puerto Rico; o estando en Puerto Rico no pudo ser localizada; o se oculte para no ser emplazada, en cuyo caso, la parte demandante tendrá que hacer constar, mediante una declaración jurada del emplazador, las diligencias que realizó para emplazar a la parte demandada. Como se sabe, de la referida declaración jurada y de la demanda también deberá surgir, que, existe una reclamación que justifique la concesión de algún remedio en contra de la persona que ha de ser

emplazada; o que dicha persona es parte apropiada en el pleito. Regla 4.6 de Procedimiento Civil, *supra*. En particular, la citada regla establece que:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, **y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición. (Énfasis nuestro).

Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado la necesidad de que la parte demandante acredite al tribunal las diligencias que llevó a cabo para localizar sin éxito a la parte demandada mediante el emplazamiento personal y, de esa manera, justificar la solicitud de un emplazamiento por edicto. *Lanzó Llanos v. Blanco de la Vivienda*, 133 DPR 507, 513 (1993). De conformidad, la declaración jurada que acredite tales diligencias deberá detallar los hechos específicos dirigidos a localizar a la parte demandada, no meras conclusiones o generalidades. *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982, 988 (2020). Entre otros, deberá puntualizar las

personas con quienes investigó y su dirección; e inquirir información de las autoridades de la comunidad tales como la policía, la alcaldía o el servicio postal quienes han de conocer el paradero de las personas que viven en su comunidad. *Íd.*

Sobre este tema, el Tribunal Supremo, citando al tratadista Cuevas Segarra, expuso que, para dar cumplimiento a la Regla 4.6 de las Reglas de Procedimiento Civil, *supra,* la declaración jurada deberá comprobar las diligencias vigorosas y el esfuerzo honesto para citar personalmente a la parte demandada. *Íd.*, pág. 989; J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356. Una vez la parte demandante pruebe de forma fehaciente que realizó las gestiones potencialmente efectivas para encontrar a la parte demandada, el tribunal podrá otorgar el permiso para el emplazamiento por edicto. *Íd.*

Cuando la parte a emplazar es una corporación, sea doméstica o foránea, el diligenciamiento se rige por el Artículo 12.01 de la Ley de Corporaciones, 14 LPRA sec. 3781, el cual establece que:

A. Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por

B. lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

B. Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (A) de este Artículo, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado.

En *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 650-656 (2021), el Tribunal Supremo discutió en detalle las tres (3) posibles maneras de emplazar a un ente corporativo. En primer lugar, mediante la entrega física del emplazamiento y de copia de la demanda al oficial, director o agente de la corporación en el Estado Libre Asociado de Puerto Rico. *Íd.* Como segunda alternativa, entregando el emplazamiento y copia de la demanda a una persona adulta -con posición de suficiente responsabilidad que remitirá los documentos a la persona a quien corresponda- en el domicilio o la residencia habitual de alguna de las personas, en la oficina designada o en la sede de negocios de la corporación. *Íd.* Por último, cuando no pudo diligenciarse el emplazamiento a través de los primeros dos métodos, el emplazador habrá de dar cumplimiento a la Regla 4.4(e) de las Reglas de Procedimiento Civil, *supra*, mediante la entrega de tales documentos al oficial, gerente administrativo, agente general o cualquier agente autorizado por nombramiento o por ley. *Íd.*

En virtud de los incisos 3 y 4 de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(3)y(4), una parte demandada puede solicitar la desestimación de la causa de acción en su contra, ante la insuficiencia del emplazamiento o de su diligenciamiento. Lo antes, debido a que el objetivo del

emplazamiento es notificar a la parte demandada sobre la acción judicial incoada en su contra, sin lo cual, el tribunal no adquiere jurisdicción sobre ella. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra, págs. 646-647.

**III.**

En sus respectivos recursos, Feliciano López y, separadamente, Fabrixs y Fabrics señalan la comisión de tres errores en los cuales, en síntesis, solicitan que dejemos sin efecto los dictámenes impugnados y que desestimemos las causas de acción incoadas en su contra. Lo antes, bajo el fundamento de que, el TPI autorizó emplazarlos por edicto basado en una declaración jurada insuficiente, que no cumple con la Regla 4.6 de las Reglas de Procedimiento Civil, *supra,* y sin haber sido notificados adecuadamente sobre el presente pleito. Por su estrecha relación entre sí, discutiremos los errores conjuntamente.

Primeramente, aclaramos que, el foro primario autorizó emplazar por edicto a Feliciano López y a KCS. No surge del expediente que el demandante haya instado un proyecto de emplazamiento dirigido a Fabrixs y Fabrics, ni que el TPI haya autorizado un emplazamiento personal a dichas corporaciones. Tampoco la declaración jurada del emplazador menciona haber realizado gestión alguna dirigida a emplazar a Fabrixs y Fabrics. Puntualizamos que, Fabrixs y Fabrics son entidades jurídicas independientes de KCS, con direcciones distintas. Sobre tales bases resolvemos que, Fabrixs y Fabrics no han sido emplazadas como corporación.

Con relación al emplazamiento dirigido a Feliciano López, evaluamos sosegadamente la declaración jurada que ofreció el emplazador a los fines de dilucidar su suficiencia para justificar la autorización para emplazar a los demandados por edicto. En primer lugar, surge de dicha declaración que el emplazador acudió una sola

vez, el 24 de julio de 2023, sin especificar la hora, a la residencia del Sr. Edward Feliciano López en la Urb. Mansiones de Vista Marina. En su declaración el emplazador detalló que, tuvo contacto con un guardia de seguridad de apellido Díaz -sin proveer su nombre completo- quien presuntamente le prohibió la entrada a la referida urbanización, luego de que el residente no la autorizó. Expuso que, consecuencia de lo anterior y por conocer el vehículo que conduce Feliciano López, inició una vigilancia durante dos horas y media, -sin especificar el horario- con la salvedad de que Feliciano López no transitó por el área.

Adicionalmente, el emplazador declaró que, el 1 de julio de 2023, sin concretar la hora, se personó a las oficinas de KCS para iniciar otra vigilancia dirigida a localizar a Feliciano López. Nos llama la atención que, según declaró el emplazador, a esa fecha, no había recibido copia de la demanda ni del emplazamiento, los cuales especificó le fueron entregados el 20 de julio de 2023. Puntualizamos que, el emplazador no detalló cuál fue su fuente de información para expresar lo siguiente: "según información suministrada, estas personas ya tienen conocimiento de que se están haciendo gestiones de localizarlos"[32] y "los portones antes estaban abiertos, pero ahora permanecen cerrados."[33]

Con respecto a las gestiones realizadas el 1 de julio de 2023 dirigidas a emplazar a Feliciano López detalló que, luego de estar una hora en el área, sin acceso al interior del edificio debido a unos portones cerrados, llamó a un guardia de seguridad que observó en el interior del edificio, se identificó con él y procuró a Feliciano López. Añadió que, el referido guardia le indicó que quien buscaba no se encontraba y le instruyó a retirarse del lugar. Nótese que, no surge

---

[32] Apéndice, pág. 97 del KLCE202400105.
[33] Apéndice, pág. 98 del KLCE202400105.

de la declaración el nombre del guardia de seguridad con quien habló, ni la hora en que realizó esta diligencia.

De igual manera, el emplazador admitió en su declaración jurada que, no realizó más gestiones, lo cual intentó justificar con que la parte demandante carece de más información para dar con el paradero de los demandados. A lo antes añadió que, el 7 de julio de 2023, previo a haber adquirido copia del emplazamiento y de la demanda, hizo una búsqueda en las redes sociales sin lograr obtener información útil para localizar a los demandados.

Ciertamente, las diligencias que el emplazador declaró bajo juramento haber realizado, son insuficientes para justificar un emplazamiento por edicto. Como vimos, la declaración jurada carece de hechos específicos, por ejemplo, los horarios de las gestiones; los nombres completos de los guardias de seguridad contactados; los nombres completos y su dirección de las personas que sirvieron de fuente de información; y el horario, la duración y el alcance de su búsqueda en las redes sociales. A lo antes se añade que, realizar una sola vigilancia cerca de la residencia de Feliciano López y una sola vigilancia en las oficinas de KCS no representan un esfuerzo vigoroso y honesto para citar personalmente a la parte demandada.

Como vemos, el emplazador tampoco acudió a la Comandancia de la Policía o a la Casa Alcaldía como parte de su esfuerzo para localizar y emplazar a la parte demandada. Ello, a pesar de que la Regla 4 de las Reglas de Procedimiento Civil, *supra,* concede 120 días para diligenciar el emplazamiento y todas las gestiones que realizó el emplazador tuvieron lugar durante un mismo mes.

Valga recordar que, al emplazar a una corporación, la Ley de Corporaciones, *supra,* permite hacer entrega física del emplazamiento y de copia de la demanda al oficial, director o agente residente de la corporación, o a través de una persona adulta que

ocupe una posición de suficiente responsabilidad que pueda remitir tales documentos a la persona correspondiente dentro de la empresa. Evidentemente, el emplazador no dio cumplimiento al Artículo 12.01 de la Ley de Corporaciones, *supra.*

En virtud de lo anterior, concluimos que el foro primario erró al considerar que las gestiones esbozadas en la declaración jurada del emplazador fueron suficientes para justificar autorizar que los emplazamientos se diligencien mediante un edicto. Los errores señalados se cometieron.

**IV.**

Por los fundamentos antes expuestos, expedimos los autos de *certiorari* números KLCE202400105 y KLCE202400158, revocamos las *Resoluciones* del TPI notificadas el 17 de octubre de 2023 y el 27 de diciembre de 2023. Conforme a la normativa antes esbozada, ordenamos la desestimación, sin perjuicio, de las causas de acción instadas en contra de Edward Feliciano López en su carácter personal y en representación de Fabrixs Industrial Laundry Corporation y Fabrics Industrial Laundry Corporation.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones