Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CARLOS E. VARGAS FIGUEROA<br><br>Apelante<br><br><br>V.<br><br><br>DAVID VILLANUEVA MATÍAS<br><br>Apelado | KLAN202400149 | Apelación procedente del Tribunal de Primera Instancia Sala de Superior de Mayagüez<br><br>Caso Núm.:<br>MZ2023CV00062<br><br>Sobre:<br>Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2024.

Comparece el Sr. Carlos E. Vargas Figueroa (en adelante el señor Vargas Figueroa o el apelante) mediante el recurso de apelación de epígrafe y nos solicita que revoquemos una Sentencia dictada el 28 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[1] Mediante la referida determinación, el Foro Primario desestimó, sin perjuicio, la demanda instada por el apelante por haber dejado transcurrir el término de 120 días dispuesto en la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, para diligenciar el emplazamiento a la parte demandada.

Conforme a lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), considerada la naturaleza del asunto ante nuestra consideración, y en aras de promover el más justo y eficiente despacho del asunto ante nos,

---

[1] Notificada al día siguiente. Véase páginas 17-20 de los documentos que a modo de apéndice fueron incluidos por el apelante junto a su solicitud. Entrada número 2 en el expediente electrónico (SUMAC).

prescindimos de la comparecencia del apelado. Se adelanta, por los fundamentos que expondremos a continuación, la confirmación de la Sentencia apelada.

-I-

El trámite del caso que nos ocupa es bastante sencillo. El 9 de diciembre de 2022 el apelante, quien se encuentra extinguiendo una condena de cárcel bajo la custodia del Departamento de Corrección y Rehabilitación, suscribió una demanda en contra de quien fuera su representante legal, el Lcdo. David Villanueva Matías. Dicha demanda fue recibida el 9 de enero de 2023 por la Secretaría del TPI, y cargada al Sistema Unificado de Manejo y Administración de Casos (SUMAC) el 20 de enero de 2023. Luego de casi un año de inactividad en el caso, el 28 de diciembre de 2023 el TPI dictó la Sentencia apelada por los fundamentos consignados previamente. El 8 de enero de 2024, el apelante suscribió una *Moción en Reconsideración por Justa Causa* en la que adujo que no había recibido orden alguna del foro primario para efectuar el emplazamiento del apelado. También alegó que conforme a lo dispuesto en la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, no procedía la desestimación de la demanda sin que antes se le apercibiera de la situación que ameritaba la desestimación y se le concediera un término razonable para subsanarla.[2] El mismo 8 de enero de 2024 el apelante suscribió una *Moción en Solicitud de Emplazamiento,* en la que solicitó que el Tribunal le ordenase a la Secretaría "diligenciar el o los emplazamientos necesarios en los términos establecidos, y en las Reglas aplicables".[3] El 30 de enero de 2024 el TPI declaró No Ha Lugar la *Moción en Reconsideración Por Justa Causa,* así como la *Moción en Solicitud de Emplazamiento.[4]* El

---

[2] Cargada en SUMAC el 12 de enero de 2024, entrada número 3.
[3] Cargada también en SUMAC el 12 de enero de 2024, entrada número 4.
[4] Notificadas el 1 de febrero de 2024. Entradas número 5 y 6 en SUMAC.

12 de febrero de 2024, recibida en el TPI el 16 de febrero, el apelante presentó una *Moción Informativa en Solicitud de Copia* en la que requirió al TPI que le proveyera "copia de lo ordenado el 15 de diciembre de 2022 la cual fue sobre emplazamiento. Ya que el peticionario nunca tuvo en sus manos esa orden".[5]

-II-

El emplazamiento es el acto procesal mediante el cual se comunica al demandado la acción presentada en su contra y se le requiere comparecer al tribunal para formular la alegación que proceda. Tiene como objetivo adquirir jurisdicción sobre la persona del demandado y cumplir con el requisito del debido proceso de ley de que a una parte se le notifique de todo proceso en su contra para que tenga oportunidad de asistir al juicio, presentar prueba y ser oído. R. Hernández Colón, *Práctica jurídica de Puerto Rico*: *Derecho procesal civil*, 6ta ed., San Juan: Lexisnexis, 2017, págs. 256-257.

El emplazamiento está regulado por una serie de disposiciones de la Regla 4 de Procedimiento Civil, *supra*, R. 4, a las que hay que dar estricto cumplimiento debido a que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente, dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra. *Íd.*

En cuanto al término para diligenciar el emplazamiento, y las consecuencias de no hacerlo en el plazo establecido, la Regla 4.3 (c) de Procedimiento Civil, *supra*, dispone:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los

---

[5] Entrada número 7 en SUMAC. Debemos consignar que en el expediente electrónico no hay constancia de que se hubiera expedido una orden el 15 de diciembre de 2022.

tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (énfasis suplido).

Expresándose sobre la citada disposición reglamentaria, en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), el Tribunal Supremo estableció que una vez transcurridos los 120 días sin diligenciar los emplazamientos, el Tribunal de Primera Instancia está obligado a desestimar la demanda de forma automática, ello, sin concesión de prórroga alguna. Sobre desde cuando comienza a decursar el término de 120 días, el Tribunal expresó:

> Ahora bien, si la Secretaría del tribunal de instancia no expidiera los emplazamientos el mismo día en que se presentó la demanda junto a los formularios de emplazamiento, la Regla 4. 3 (c) de Procedimiento Civil, supra, establece que el tiempo que se haya demorado Secretaría será el mismo tiempo adicional que el tribunal otorgará para gestionar el diligenciamiento. Ello, una vez el demandante presente oportunamente una solicitud de prórroga.

> Sin embargo, es sabido que "[p]ara que comience a decursar ese término, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal". Esto, unido a que la propia regla establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, nos lleva a concluir que no se trata de solicitar una prórroga como tal. Mas bien, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que en ninguna de estas circunstancias la parte contará con más de 120 días.

> **Ahora bien, los demandantes no pueden cruzarse de brazos y dejar que transcurra un periodo irrazonable para presentar la moción. De lo contrario, se actuaría en contravención al principio rector de resolver las controversias de forma justa, rápida y económica**. (citas omitidas; énfasis suplido).

Por su parte en *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982 (2020), el Tribunal Supremo resolvió que el término para emplazar se restablece cuando el demandante inicialmente solicita emplazar

personalmente, pero luego requiere la autorización del tribunal para emplazar mediante edicto. Expresándose nuevamente sobre cuando comienza el término para emplazar, el Tribunal Supremo estableció que este "comienza a transcurrir únicamente en el momento que la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra motu proprio o ante una solicitud de la parte demandante". *Íd.* A su vez, en dicho caso el Alto Foro reiteró que:

> [L]a mal denominada prórroga estatuida en la Regla 4.3 (c), supra, es realmente una solicitud por parte del demandante para que la Secretaría expida los emplazamientos en los casos en que exista un retraso irrazonable en la expedición de éstos. Lo anterior, con el propósito de que el demandante advierta al tribunal de tal retraso y evidencie que no se cruzó de brazos.

Así las cosas, en *Pérez Quiles v. Santiago Calderón*, 206 DPR 379 (2021) el Tribunal Supremo enfatizó que el término de 120 días para diligenciar un emplazamiento comienza a transcurrir desde que el tribunal lo expide. Sin embargo, y refiriéndose a lo antes resuelto en *Sánchez Ruiz v. Higuera Pérez, supra*, y con relación a la "prórroga" estatuida en la R. 4. 3 (c), *supra*, el Tribunal señaló tres aspectos que consideró necesario recalcar. En primer lugar, allí reiteró que esta expresión es realmente una solicitud para que la Secretaría expida los emplazamientos. En segundo lugar, condicionó el uso de la referida solicitud a "los casos en que exista un retraso irrazonable". Acorde a lo anterior y, en tercer lugar, insistió que el propósito de la solicitud estriba en que, ante un retraso irrazonable por parte de la Secretaría de tribunal de instancia en la expedición de los emplazamientos, la parte demandante evidenciara que no se cruzó de brazos.

Tan reciente como el 7 de febrero de 2024 el Tribunal Supremo anunció su Opinión en el caso Ross *Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp., y otros*, 2024 TSPR 10, 213 DPR __ (2024). En lo pertinente, el Tribunal Supremo estableció "sin ambages que ante un primer incumplimiento con el término de

120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial."

-III-

El apelante nos solicita que revoquemos la Sentencia mediante el cual el TPI desestimó, sin perjuicio, la demanda por él presentada por haber dejado transcurrir el término de 120 días dispuesto en la Regla 4.3 de Procedimiento Civil, *supra,* para diligenciar el emplazamiento a la parte demandada. Sin embargo, considerada la totalidad del expediente no podemos conceder el remedio solicitado, toda vez que conforme al tracto procesal y el estado de derecho según fuera discutido en la sección que antecede resulta forzoso concluir que el TPI actuó de acuerdo a lo dispuesto en la referida Regla y su Jurisprudencia interpretativa.  Conforme se indicó, la demanda fue recibida el 9 de enero de 2023 por la Secretaría del TPI, y cargada al Sistema Unificado de Manejo y Administración de Casos (SUMAC) el 20 de enero de 2023.  No obra en el expediente trámite o gestión alguna, por parte de la Secretaría, así como del apelante hasta que, tras casi un año de inactividad en el caso, el 28 de diciembre de 2023 el TPI dictó la Sentencia apelada. No es hasta que el 8 de enero de 2024, cuando el apelante suscribió su *Moción en Reconsideración por Justa Causa* en la que por primera vez este aduce que no había recibido orden alguna del foro primario para efectuar el emplazamiento del apelado.[6]  Cabe destacar que no es hasta el 8 de enero de 2024, cerca de un año después de presentada la demanda y luego de dictada la Sentencia, que el apelante suscribió su *Moción en Solicitud de Emplazamiento.*  Así las

---

[6] También alegó que conforme a lo dispuesto en la Regla 39.2 de Procedimiento Civil, *supra,* no procedía la desestimación de la demanda sin que antes se le apercibiera de la situación que ameritaba la desestimación y se le concediera un término razonable para subsanarla.  Sin embargo, por los fundamentos que se exponen en el texto de la Sentencia, en este caso no es de aplicación la Regla 39.2 sino el mandato claro e inequívoco de la Regla 4.3 de Procedimiento Civil tal y como esta ha sido interpretada por el Tribunal Supremo.

cosas, aún si para efectos de argumentación acogiéramos el planteamiento del apelante de que no recibió orden o notificación alguna sobre el emplazamiento, en el caso que nos ocupa nos encontramos con que éste claramente incumplió con su deber de no cruzarse de brazos y dejó transcurrir un periodo irrazonable para presentar su moción. Conforme a lo dispuesto en *Bernier González v. Rodríguez Becerra, supra,* el demandante no puede cruzarse de brazos ante una demora irrazonable de la Secretaría a la hora de expedir los emplazamientos.

Toda vez que la actuación del TPI es cónsona con lo antes establecido, procede la confirmación de la Sentencia apelada.[7]

-IV-

Por los fundamentos que anteceden, se confirma la Sentencia apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] La desestimación sin perjuicio decretada por el TPI de conformidad con lo dispuesto en la Regla 4.3 evidentemente permite la presentación de una segunda acción judicial por parte del apelante, en la que, como cuestión de umbral, deberá procurar lograr diligenciar el emplazamiento del apelado dentro del término de 120 días.