<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IV</td></tr>
<tr><td>ELIEZER SANTANA BÁEZ<br><br>Apelante<br><br>v.<br><br>PHYSICIAN CORRECTIONAL Y OTROS<br><br>Apelado</td><td>KLAN202401057</td><td>*Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV07354<br><br>Sobre: Daños</td></tr>
</table>

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece ante nos, el señor Eliezer Santana Báez (señor Santana Báez o apelante) y nos solicita la revocación de la *Sentencia Parcial* notificada, el 28 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (foro primario o TPI). En esta, el TPI ordenó la desestimación y el archivo **sin perjuicio** de la demanda sobre daños y perjuicios instada por el apelante en contra de la Administración de Servicios Médicos de Puerto Rico (ASEM).[1]

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

El apelante se encuentra recluido en una institución correccional de Bayamón. Surge del expediente que, el 27 de noviembre de 2023, el señor Santana Baez instó una *Demanda Civil* sobre daños y perjuicios en contra de la ASEM, entre otros

---

[1] Mediante *Resolución*, ordenamos la desconsolidación del recurso de epígrafe y del recurso núm. KLAN202401109.

Número Identificador

SEN2025 _____

codemandados.[2] En síntesis, alegó en la demanda que sufrió daños y perjuicios como consecuencia de las acciones y omisiones de la ASEM en el tratamiento brindado, las cuales provocaron que le explotara la vesícula, que se le esparciera la bilirrubina por todo el cuerpo y que estuviera al borde de la muerte en el Centro Médico de Puerto Rico. Ante ello, solicitó la indemnización y el suministro de los medicamentos para continuar con su tratamiento.

En atención a lo antes, el foro primario notificó la siguiente *Orden* el 1 de abril de 2024:

> Tenga la parte demandante 15 días para informar las direcciones de los codemandados. Las cuales son indispensables para producir los emplazamientos.

En cumplimiento con lo anterior, el apelante acreditó una moción el 18 de abril de 2024, en la cual informó lo siguiente:

> [...]
> 2. La dirección física de los demandados es: "480, Calle C[é]sar González, S[an] J[uan,] P.R. 00919"
> 3. Otra persona o dirección sustituta: "Capital Center Building[,] Suite 201, S[an] J[uan,] P.R. 00918". Tel[é]fono del abogado que representa a la compañía es: Lcdo. Edgar R. Vega Pab[ó]n, 787-771-9056, correo electrónico: edgarrvp13@gmail.com, quien además, puede ilustrar sobre dirección directa de éstos, a ser emplazados.
> [...][3]

A solicitud del apelante, el 26 de abril de 2024, el TPI emitió una *Notificación Enmendada* mediante la cual ordenó expedir los emplazamientos a las direcciones informadas y su correspondiente diligenciamiento, a través de los alguaciles del tribunal.[4] En respuesta, el mismo día, se expidieron diez (10) emplazamientos, uno de ellos dirigido a la ASEM, a la dirección Centro Médico de Puerto Rico, Barrio Minillas, San Juan, Puerto Rico 00935.[5]

Así las cosas, el 28 de octubre de 2024, el TPI notificó la *Sentencia Parcial* impugnada mediante la cual desestimó **sin**

---

[2] Las restantes causas de acción son objeto del recurso núm. KLAN202401109 y se atenderán separadamente.

[3] Entrada núm. 7 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

[4] Entrada Núm. 8 en SUMAC.

[5] Entrada Núm. 17 en SUMAC.

**perjuicio** la causa instada en contra de la ASEM, transcurridos ciento veinte (120) días sin que se hubiese diligenciado el emplazamiento en cuanto a dicha parte.

Insatisfecho, el señor Santana Báez comparece ante esta Curia y señala que:

> Erró el TPI al no ser diligente con el cumplimiento de los emplazamientos y no requerir su cumplimiento ante el hecho de que se solicitaba la ejecución de los mismos, y así esperar a finalizar el plazo legal para ello y ordenar la desestimación por la inacción de su personal o servidores del Tribunal, esto es, la unidad de alguaciles, y atribuirme la misma a mí, como si hubiera sido yo quien incumplió con la orden.

En su primera comparecencia, el Gobierno de Puerto Rico, por conducto de la Oficina del Procurador General, nos solicita la desestimación del recurso. Examinados los argumentos expuestos, denegamos el referido petitorio y ordenamos al Estado acreditar su alegato en oposición. En cumplimiento con lo anterior, el Estado comparece, el 21 de enero de 2025, mediante un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* Arguye que, la ASEM es una instrumentalidad pública con personalidad jurídica distinta y separada de la del Estado, con capacidad para demandar y ser demandada.[6] En su consecuencia señala que, no ostenta la representación legal de dicha entidad jurídica.

Con el beneficio de las posturas de las partes, resolvemos.

## II.

### A. Emplazamiento

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* 2024 TSPR 10, resuelto el 7 de febrero de 2024. A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su

---

[6] Véase, Ley Núm. 66 de 22 de junio de 1978, Ley de la Administración de Servicios Médicos de Puerto Rico, 24 LPRA secs. 342b y 342g(a).

contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Íd.* Cónsono con lo anterior, nuestro más Alto Foro enfatizó que la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

Sobre el término para diligenciar el emplazamiento, el inciso (c) de la Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone:

> [e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

El Tribunal Supremo resolvió en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), que el término dispuesto en la Regla 4.3 antes citada es improrrogable.[7] Por tanto, transcurridos los ciento veinte (120) días sin que la parte demandante haya diligenciado el emplazamiento, el foro primario deberá cerciorarse de que, en efecto, el emplazamiento no fue diligenciado dentro del término en cuestión. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* supra. Cumplido lo anterior, el tribunal deberá intervenir con prontitud para desestimar sin perjuicio la causa de acción.

---

[7] Cabe señalar que, en *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022), el Tribunal Supremo resolvió que, a modo excepcional, la suspensión de todo procedimiento que surge a raíz de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, también aplica al término para diligenciar el emplazamiento. Es decir, se detiene el término de ciento veinte (120) días hasta tanto la fianza de no residente sea prestada.

Por otro lado, en *Bernier Gonzalez v. Rodríguez Becerra,* supra, págs. 648-649, el Tribunal Supremo se expresó en cuanto a, en qué momento la Secretaría del Tribunal de Instancia, debe expedir los emplazamientos. Dispuso que surge del inciso (c) de la Regla 4.3 de Procedimiento Civil, *supra,* que la Secretaría del foro de instancia deberá expedir los emplazamientos el mismo día en que la demanda fue presentada. *Íd.* Ahora bien, en su Opinión, el Alto Foro destacó y citamos: "Claro está, siempre que el demandante entregue los formularios de emplazamiento ese mismo día". *Íd.* En la eventualidad de que la Secretaría del tribunal de instancia no cumpla con lo anterior, el tiempo que la Secretaría del tribunal de instancia demore en expedirlos, será el mismo término adicional que tendrá la parte demandante para diligenciarlos. *Íd.* Ello, tras la parte demandante presentar una moción solicitando al foro primario que expida los emplazamientos. *Íd.* Es de notar que, la Regla 4.3 (c) no provee discreción al tribunal para extender el referido término, por lo que la Regla 68.2 de las de Procedimiento Civil resulta inaplicable para prorrogar el término para emplazar. *Bernier González v. Rodríguez Becerra,* supra, pág. 649.

**III.**

El apelante argumenta que, el foro primario incidió al desestimar la causa que él instó en contra de la ASEM ante la falta de un diligenciamiento oportuno del emplazamiento. En su recurso, el apelante asegura haber sido diligente y haber realizado varias llamadas al TPI dirigidas a lograr que la unidad de alguaciles diligenciara el emplazamiento a la ASEM. Expone que, al decretar la desestimación de su causa, el foro primario lo perjudicó a él, a pesar de que quienes incumplieron con la orden de diligenciar el emplazamiento fueron los alguaciles del TPI.

Al evaluar sosegadamente el expediente ante nuestra consideración, en conjunto con el expediente electrónico en SUMAC,

observamos que el apelante proveyó al foro primario dos direcciones alternas para la correspondiente expedición de los emplazamientos a los demandados -según expuestas en el tracto procesal-, sin acreditar ni especificar a cuál demandado correspondía cada una. De otra parte, del expediente electrónico se desprende el formulario de emplazamiento, con fecha de 26 de abril de 2024, dirigido a la ASEM a la dirección Centro Médico de Puerto Rico, Barrio Minillas, San Juan, Puerto Rico 00935.[8] Sin embargo, surge de su faz que el mismo no fue debidamente diligenciado toda vez que el área en donde el alguacil certifica su diligenciamiento permanece en blanco. Tampoco consta un diligenciamiento negativo de un emplazamiento con la dirección provista por el apelante. Si bien es cierto que el señor Santana Báez asegura haber realizado varias llamadas al TPI dirigidas a dar seguimiento al diligenciamiento de los emplazamientos de los demandados, la moción informativa que instó a esos mismos fines únicamente dio seguimiento al emplazamiento de la Institución Hospital Universitario, Dr. Ramón Ruiz Arnau (HURRA), no así de la ASEM.[9]

Resulta necesario destacar que, el apelante en esta causa se encuentra confinado en una institución carcelaria, por lo cual, depende de los funcionarios del foro primario para el correspondiente diligenciamiento del emplazamiento a favor de la ASEM. Análogo al caso de marras, en *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714 (2009), la parte demandante era una persona privada de su libertad. En consideración a lo anterior, el Tribunal Supremo resolvió que no procede desestimar con perjuicio una demanda que instó un confinado por falta de diligenciamiento del emplazamiento. Lo antes, toda vez que la expedición y el

---

[8] Entrada Núm. 17 en SUMAC. Es de notar que esta dirección no consta en la moción informativa que instó el apelante notificando las direcciones de los codemandados.
[9] Entrada Núm. 32 en SUMAC.

diligenciamiento de los emplazamientos en este tipo de pleito es responsabilidad de los funcionarios del TPI, en cuyo caso, cualquier demora en ese trámite no es atribuible al confinado reclamante.

Cabe enfatizar que, al resolver *Sánchez Rodríguez v. Adm. de Corrección,* supra, el Tribunal Supremo aplicó la anterior Regla 4.3(b) de las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III. La misma establecía un término de seis (6) meses para diligenciar el emplazamiento, prorrogable a discreción del tribunal y demostrada la justa causa. Además, disponía que, de no diligenciarse dentro del plazo original o prorrogado, se entendería la demanda desistida **con perjuicio**. Con las enmiendas a las Reglas de Procedimiento Civil que entraron en vigor en el año 2009, mediante la aprobación de la Ley Núm. 220-2009, la Regla 4.3 sufrió cambios significativos. En particular, el término para diligenciar el emplazamiento cambió a ciento veinte (120) días y el carácter dispositivo de una primera desestimación por falta de diligenciamiento de un emplazamiento fue modificado a **sin perjuicio**. Además, la Regla 4.3, según enmendada, solo contempla la dilación de la Secretaría en la expedición del emplazamiento, no en cuanto al periodo para diligenciarlo.

Posteriormente, en el año 2018, el Tribunal Supremo resolvió *Bernier González v. Rodríguez Becerra,* supra, normativa vigente hoy. En *Bernier González* nuestro más Alto Foro dispuso claramente la naturaleza improrrogable del término de ciento veinte (120) días que provee la Regla 4.3 para diligenciar el emplazamiento, sin dar espacio para que el TPI ejercite su discreción, acreditada una justa causa. Lo antes en respuesta a que, tras la enmienda a la Regla 4.3, *supra,* la falta de un diligenciamiento oportuno no acarrea la desestimación con perjuicio, como primera sanción.

En definitiva, el Tribunal Supremo ha sido enfático en que el periodo para emplazar no es prorrogable.[10] Ello, en la medida en que, la Regla 4.3 de Procedimiento Civil fue enmendada con el propósito de eliminar la posibilidad de presentar una justa causa para extender el referido término y con el fin de establecer que la primera sanción por incumplir dicho plazo será la desestimación **sin perjuicio**. A esos efectos, nos encontramos limitados por la letra de la ley y de la norma jurisprudencial establecida por el Tribunal Supremo en *Bernier González v. Rodríguez Becerra*, supra. Dicho esto, y en virtud de lo resuelto en *Bernier Gonzalez v. Rodríguez Becerra*, supra, y de lo dispuesto en la Regla 4.3(c) de las Reglas de Procedimiento Civil, *supra,* según enmendada, el término de ciento veinte (120) días para diligenciar el emplazamiento a la ASEM transcurrió. Lo antes, con el efecto de que el TPI se quedó sin jurisdicción sobre la presente causa contra ASEM.

**IV.**

Por los fundamentos antes discutidos, confirmamos el dictamen apelado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Véase, además, *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* supra; *Caribbean Orthopedics v. MEDSHAPE et al.*, 207 DPR 994 (2021).